## GARRISON et al. v. REEVES, District Judge.

### No. 513.

Circuit Court of Appeals, Eighth Circuit.

Jan. 18, 1941.

Orville Chester Garrison and James Harris, petitioners, pro se.

Maurice M. Milligan, U. S. Atty., and Otto Schmid and Richard K. Phelps, Asst. U. S. Attys., all of Kansas City, Mo., for respondent.

Before WOODROUGH, JOHNSEN, and VAN VALKENBURGH, Circuit Judges.

PER CURIAM.

The petitioners for mandamus are confined in the penitentiary at Alcatraz, California, pursuant to sentences imposed by respondent, Judge Reeves, under two counts of an indictment duly brought against them, together with others, in the District Court for the Western District of Missouri. The sentence imposed under count one was for the term of twenty years and the sentence under count two was for the term of twenty-five years, said terms to be served consecutively. The same indictment was afterwards considered by this court on the appeal of a co-defendant, Paul M. Hewitt, from his judgment of conviction thereon, and it was determined by this court that the robbery of the University Bank charged in the indictment constituted for the purpose of sentence but one offense, and although the sentence of twenty-five years imposed under the second count was found to be valid and was sustained, we held that no sentence should have been imposed under the first count, and we directed that the sentence imposed upon Hewitt on the first count should accordingly be vacated. Hewitt v. United States, 8 Cir., 110 F.2d 1, loc.cit. 10, 11. Application for certiorari to review our decision was denied by the Supreme Court. 310 U.S. 641, 60 S.Ct. 1089, 84 L.Ed. 1409.

After our decision was published, these petitioners mailed to Judge Reeves a motion in which they called attention to the opinion in the Hewitt case, and moved that the record of sentence against them be corrected to conform to the decision of this court. Judge Reeves acknowledged the receipt of the motion and wrote the petitioners that he had instructed the clerk to file the same and that he would permit the petitioners to proceed in forma pauperis. He stated, however, that he doubted whether he would have a right to "modify the judgment" in view of the fact that the term at which it was entered had passed. Several letters have passed between Judge Reeves and the petitioners, but the Judge has not taken any action upon petitioners' motion.

■ On consideration of the petition for mandamus and the showing in support thereof, the return of Judge Reeves and the briefs of counsel, we are of opinion that the

sentence of twenty-five years imposed under count two of the indictment against these petitioners was and is in all respects valid, but that the sentence to twenty years imprisonment under count one was not valid in law, and that it is within the power and duties of Judge Reeves to vacate the invalid sentence and to transmit to the warden of the penitentiary at Alcatraz an authenticated record of the entry vacating the same so as to clearly apprise the warden that the petitioners are to be subjected only to the valid sentence of twenty-five years imprisonment imposed upon the second count of the indictment.

The fact that the term of court at which the sentence was imposed by Judge Reeves has passed is immaterial. He is not called upon to review or reconsider any of the proceedings of the trial and conviction of the petitioners, but he should take notice of the determination by this court that he was without authority to impose the sentences upon the first count now appearing upon the record and should vacate the same by order appropriate in form to prevent the warden from subjecting the petitioners to any other imprisonment than the imprisonment provided in the valid sentences imposed upon the second count of the indictment.

It is well settled in this circuit that the district courts have full jurisdiction to correct an erroneous sentence notwithstanding the lapse of the term at which it was imposed. In Bryant v. United States, 8 Cir., 214 F. 51, 53, this court, after so stating, quoted approvingly, "The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence. If this court sanctioned such a rule, it would fail to perform the chief duty for which it was established."

Ordinarily it is true the defendant must be brought before the court for correction of sentence, Price v. Zerbst, D.C., 268 F. 72, but here no correction in that sense is involved. A distinct and separate sentence is invalid in law as decided by this court, and no prejudice could be occasioned the defendants when Judge Reeves makes an entry to so indicate. In the showing on their behalf they expressly waive being present at the entry of the order which they themselves are seeking.

It is stated in the return of Judge Reeves that no motion by petitioners involving the sentences is on file in the case in his court, but the correspondence produced in support of the petition for the writ herein shows very clearly that a proper motion was duly presented on petitioners' behalf. It may have been mislaid. In view of the statement in the return, no writ of mandamus will now issue. If action is promptly taken in accordance with this opinion none will be required.