## UNITED STATES v. HOLIDAY.
### Cr. No. 6414.

District Court, D. North Dakota, N. E. D.
March 4, 1942.

P. W. Lanier, U. S. Dist. Atty., of Fargo, N. D., for the Government.

Herbert G. Nilles, of Fargo, N. D., for defendant.

VOGEL, District Judge.

Defendant herein was duly indicted by a Grand Jury on September 24, 1936. The indictment is in two counts and is based on a violation of Section 588b, Title 12 U.S.C. A., which provided as follows:

"§ 588a. Definition.

"As used in section 588b of this title the term 'bank' includes any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States and any insured bank as defined in subsection (c) of section 264 of this title."

"§ 588b. Robbery of bank; assault in committing or attempting to commit bank robbery.

"(a) Whoever, by force and violence, or by putting in fear, feloniously takes, or feloniously attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

"(b) Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not less than $1,000 nor more than $10,000 or imprisoned not less than five years nor more than twenty-five years, or both."

On October 13, 1936, the defendant entered a plea of "guilty of the offense as charged in the indictment." The minutes pertinent to this matter as appearing upon the journal of the Clerk of Court under date of October 13, 1936, are as follows:

"Now comes the United States, by P. W. Lanier, United States Attorney, and the defendant, in the custody of the Marshal, and said defendant being duly arraigned upon the indictment filed against him, answers that his true name is Forest Holiday, whereupon it is ordered that all further proceedings be conducted under the defendant's true name as given, and now the defendant being called upon to plead to the indictment, charging him with unlawfully and feloniously robbing a bank insured under the Federal Reserve Act, and putting in jeopardy the lives of its employees, in violation of Section 588b of Title 12 U.S. C.A. pleads that he is guilty of the offense as charged in the indictment.

"Now the United States Attorney moves the Court for sentence upon the plea of guilty aforesaid under the first count of the indictment herein, and said defendant being called upon to show cause, if any he have, why sentence should not now be pronounced against him, and no cause being shown, and the premises being considered and fully understood by the Court, it is

"Ordered, adjudged, decreed and sentenced, that said defendant, Forest Holiday, be imprisoned in a United States Penitentiary for and during a term of ten years, commencing at twelve o'clock noon of this day, at Fargo, North Dakota, and committed to the custody of the Attorney General of the United States, or his authorized representative, to carry this sentence into execution.

"Now the United States Attorney moves the Court for sentence upon the second count of the indictment, under the plea of guilty aforesaid, and the defendant being called upon to show cause, if any he have, why sentence should not now be pronounced against him, and no cause being shown, and the premises being considered and fully understood by the Court, it is

"Ordered, adjudged, decreed and sentenced, that said defendant, Forest Holiday, be imprisoned in a United States Penitentiary for and during a term of fifteen years, commencing at the expiration of the sentence imposed under count one of the indictment, and committed to the custody of the Attorney General of the United States, or his authorized representative, to carry this sentence into execution."

Following sentence defendant was immediately confined in a penal institution and is at the present time confined in the United States Penitentiary at Alcatraz, California.

The matter comes before this Court on the motion of the defendant to vacate the

judgment and for further proceedings for re-sentence. Defendant appeared by counsel appointed by this Court.

In defendant's petition he asks the Court to issue an order commanding his presence at the hearing. The 8th Circuit Court of Appeals has stated: "Ordinarily it is true the defendant must be brought before the court for correction of sentence, Price v. Zerbst, D.C., 268 F. 72, but here no correction in that sense is involved. A distinct and separate sentence is invalid in law as decided by this court, and no prejudice could be occasioned the defendants when Judge Reeves makes an entry to so indicate. In the showing on their behalf they expressly waive being present at the entry of the order which they themselves are seeking." Garrison et al. v. Reeves, District Judge, 116 F.2d 978, 979.

█ As will more fully appear from this opinion, no correction or increase of sentence is involved, and, accordingly, that portion of the petition asking for personal appearance was denied.

Defendant's most serious objection to the judgment as heretofore rendered is to the effect that the Court exceeded its authority in imposing sentence on each count of the indictment. It is the defendant's contention that the indictment merely charged different degrees of the same crime, and that only one sentence should have been imposed. The Government does not seriously resist defendant's contention that the robbery of the bank constituted, for the purpose of sentence, but one offense and that but one sentence should have been imposed.

" 'The applicable rule is that, where the same act or transaction constitutes a violation of two distinct provisions, the test to be applied to determine whether there are two offenses or only one is whether *each* provision requires proof of an additional fact which the other does not. (Emphasis supplied.) Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489, and authorities cited.' Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306; Casebeer v. United States, 10 Cir., 87 F.2d 668, 669.' " * * *

"We think that the conclusion reached by the Fifth Circuit in the case of Durrett v. United States, supra [107 F.2d 438], is correct. Congress, in enacting Sections 588b and 588c, was dealing with the crime of bank robbery, and not with forcible taking, putting in fear, assault, putting lives in jeopardy, killing and kidnapping as distinct crimes. In effect, Congress created three classes of bank robbery according to degree; first, that which was accompanied by force or putting in fear; second, that which was accompanied by assault or putting lives in jeopardy; and, third, that which was accompanied by killing or kidnapping. Proof of robbery of the second class would also prove robbery of the first class, and proof of robbery of the third class would prove robbery of both the first and the second classes.

"Our conclusion is that the robbery of the University Bank constituted, for the purpose of sentence, but one offense, and that no sentence should have been imposed under the first count of the indictment.

"The sentence of twenty years imposed under count one will be vacated. The judgment and the sentence of twenty-five years imposed under count two is affirmed."

Hewitt v. United States, 8 Cir., 110 F.2d 1, 10.

The defendant's further position is, however, that the Court exceeded its jurisdiction in imposing a sentence on count two of the indictment, having previously sentenced the defendant under count one, claiming that the acts upon which count one was based merged into the acts upon which count two was based. Defendant argues that after he had entered a plea of guilty as charged in the indictment and was thereafter sentenced under count one the Court was without authority to impose a sentence on count two, and that the latter sentence should be vacated. Defendant argues that there is a difference between the Hewitt case, supra, and the case at bar in that in the Hewitt case the defendant was tried before a jury and found guilty of all counts in the indictment; that this was done simultaneously and by one act. Defendant further points out that in the Hewitt case, supra, the defendant did not raise the point that having been sentenced under count one the Court was without jurisdiction to proceed with further imposition of sentence on count two, and that in the Hewitt case, supra, the defendant asked that the sentence under count one be vacated. I am unable to distinguish between the two cases. In the Hewitt case, supra, the defendant was found guilty as charged in the indictment; in the case at bar the defendant entered a plea of guilty to the offense as charged in the indictment. The

plea of guilty was one act. According to the Clerk's minutes as quoted above, the defendant did not enter a plea of guilty under count one and subsequently a plea of guilty under count two; his plea was to the entire indictment, and would have the same force and effect as if a jury had found him guilty as charged in the entire indictment.

When Holiday entered a plea of guilty "of the offense as charged in the indictment", it thereupon became the duty of the Court to impose a sentence for a violation of the offense in its greater degree, namely, the offense as set forth in count two. The imposition of sentence under count one, which was a part of count two, to which the defendant had pleaded guilty, was mere surplusage and void. I am, accordingly, of the opinion that the sentence imposed under count one of the indictment should be vacated. The judgment and sentence of fifteen years imposed under count two stands. As to all other points raised in defendant's petition, such petition is denied.