## MILLER v. UNITED STATES.

### No. 10153.

Circuit Court of Appeals, Fifth Circuit.

May 29, 1942.

520

William Roy Miller, of Leavenworth, Kansas, in pro. per.

Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex., and Joe H. Jones, Asst. U. S. Atty., of Dallas, Tex., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

According to his petition, William Roy Miller was convicted on six counts for forgery and passing forged instruments, and during the same term of court was sentenced three times. On January 14, 1939, he was sentenced to serve in the penitentiary two terms of five years each on counts 1 and 2, not to run concurrently, and a term of five years on the remaining counts to run concurrently with the sentences on counts 1 and 2. On January 20th the sentence was reconsidered and "changed" to four years on each count, not to run concurrently. On January 28th Miller was brought into court on his petition for habeas corpus filed on grounds not stated, he not yet having been taken to the penitentiary. On January 30th, Miller being present and represented by counsel, a sentence was pronounced which recited that Miller had applied to have the sentence of January 14th reduced, and "had agreed to accept a sentence of three years and six months on the first count and five years on the second count, not to run concurrently, and five years on the remaining counts to run concurrently with the sentences on counts One and Two; and thereupon he was sentenced accordingly." The present application, made by Miller from the penitentiary, asks the court to hold the sentence of January 30th void, and that of January 20th valid, but the part of it which makes the six sentences of four years to run concurrently to be invalid, and to enter an order vacating the sentence of January 30th, and striking out the invalid portion of the sentence of January 20th. The court dismissed this application for want of jurisdiction, the term of sentence having passed.

■ In Buie v. United States, 5 Cir., 127 F.2d 367, we upheld the power of a criminal court, after the term of court had expired and after the sentence had gone into effect, to correct its record to show truly what sentence was really pronounced. This of course involves no change in the sentence, but only in the recorded evidence of it. In Meyers v. U. S., 5 Cir., 116 F.2d 601, 602, we held the court to have jurisdiction after the term of sentence and after the sentence was in course of execution to enquire on the prisoner's petition whether the sentence was in excess of law, and if so to expunge it from the record and pronounce a legal sentence. The practice is also sanctioned in Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392. So here, if the last sentence is void as contended, because that of January 20th has not been rescinded, and if the part of the sentence of January 20th which makes six four-year sentences to run consecutively is void because unlawfully increasing the punishment first imposed on January 14th, there is jurisdiction to enquire into these invalidities and to make the record consistent and clear as to what punishment is to be served. There must therefore be a technical reversal that the matter may be heard.

On the hearing, if it be true that the first sentence, which in its effect required a total imprisonment of ten years, was changed a week later without the prisoner's consent by the second sentence so as to require service for twenty-four years, the change would appear to be illegal. We surmise that was the ground of the petition for habeas corpus, and that it was considered probably a good ground, for there resulted a second change in the original sentence so as to require total service of eight and a half years only, which was a reduction as compared with both the other sentences; and it is recited this was consented to. Of course the sentence of January 20th ought to have been expressly set aside, and if we have the facts right, it ought to be now expunged from the record. It seems that this was what was really meant to be done though the last sentence says nothing about this one. The first sentence does not have to be expressly set aside, because it is referred to and by clear implication superseded by the third sentence.

■ A point is also argued that the third sentence concludes with these words: "Said sentences to begin and date from January 14, 1939," and that this makes all the terms concurrent, so that only five years in all is to be served; or at least there is an uncertainty or ambiguity that must be resolved in favor of liberty. We think the reasonable construction is that the sentences on counts 1 and 2 are consecutive as is expressly stated; and the sentences which are to begin and date from January 14th, which was the date of the original sentence, are the sen-

tence on the first count and that on the third, fourth, fifth and sixth counts. This construction gives effect to all the provisions and nullifies none. The judgment of dismissal is reversed and the cause remanded for further proceedings.