### HOLIDAY v. UNITED STATES.

No. 12304.

Circuit Court of Appeals, Eighth Circuit.

Oct. 12, 1942.

Forrest Holiday, pro se.

P. W. Lanier, U. S. Atty., of Fargo, N. D., for appellee.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

The question for decision is whether the District Court erred in sustaining a sentence of fifteen years imprisonment imposed under the second count of an indictment charging, in two counts, the forcible robbery of an insured bank, and in vacating a sentence of ten years imprisonment imposed under the first count of the indictment.

Forrest Holiday and others, on September 24, 1936, were indicted in the United States District Court for the District of North Dakota, under § 2 of the Act of May 18, 1934, 48 Stat. 783, as amended by the Act of August 23, 1935, § 333, 49 Stat. 720, 12 U.S.C.A. § 588b, for having robbed, by force and violence, the Farmers State Bank of Maddock, North Dakota, an insured bank. The indictment contained two counts. The first count charged the defendants with robbing the bank by force and violence and by putting in fear certain named persons who were in charge of the bank. The second count charged the defendants with the same robbery, and alleged that, in committing it, they, by the use of a dangerous weapon, put in jeopardy the lives of the persons in charge of the bank. The first count alleged the robbery as defined in subsection (a) of § 588b, 12 U.S.C.A., and the second count alleged the robbery as defined in subsection (b) of § 588b.

Holiday was arraigned on October 13, 1936, and entered a plea of guilty to the indictment. The judgment and sentence of the court was that he be imprisoned for ten years under the first count and for fifteen years under the second count, the sentences to run consecutively—the sentence imposed under the second count to commence at the expiration of the sentence imposed under the first count. Holiday entered upon the execution of his sentence and is now confined in the Alcatraz Penitentiary.

On March 5, 1940, this Court, in Hewitt v. United States, 110 F.2d 1, 11, certiorari denied 310 U.S. 641, 60 S.Ct. 1089, 84 L.Ed. 1409, decided that an indictment such as that here in question, for the purpose of sentence, charged but one offense. Hewitt had been convicted upon both counts of an indictment similar to that returned against Holiday. The trial court in Hewitt's case

had imposed a sentence of twenty years under the first count and a sentence of twenty-five years under the second count, the sentences to run consecutively. We ruled that no sentence should have been imposed under the first count, and affirmed the sentence of twenty-five years imposed under the second count. On January 18, 1941, this Court in Garrison et al. v. Reeves, 116 F.2d 978, decided that Garrison (a codefendant of Hewitt), who had been convicted under the same indictment and had also received consecutive sentences of twenty years under the first count and twenty-five years under the second count, was entitled to have the sentence under the first count vacated. See and compare Durrett v. United States, 5 Cir., 107 F.2d 438; Wells v. United States, 5 Cir., 124 F.2d 334; Dimenza v. Johnston, 9 Cir., 130 F.2d 465, opinion filed September 10, 1942.

It appears that Holiday applied to the District Court for the Northern District of California for a writ of habeas corpus, alleging, among other things, that the sentence imposed on the second count of the indictment was void. See Holiday v. Johnston, 313 U.S. 342, 349, 550, 61 S.Ct. 1015, 85 L.Ed. 1392. The respondent in that case admitted that § 2 of the Act of May 18, 1934, 12 U.S.C.A. § 588b, "does not create two separate crimes but prescribes alternative sentences for the same crime depending upon the manner of its perpetration." 313 U.S. page 349, 61 S.Ct. page 1017, 85 L.Ed. 1392. The Supreme Court ruled that, even if Holiday was right in his contention that only the sentence imposed under the first count was valid, not having served that sentence, his remedy was not habeas corpus but was "to apply for vacation of the sentence and a resentence in conformity to the statute under which he was adjudged guilty." Holiday v. Johnston, supra, was decided May 26, 1941.

On November 26, 1941, Holiday filed in the court below a "motion to vacate judgment and for further proceedings for resentence." He asked that the District Court vacate the sentences imposed on October 13, 1936, on the grounds, (1) that they are excessive and conflicting, (2) that the indictment described but one offense and the court was without jurisdiction to impose a sentence under the second count, (3) that the second count is void because of vagueness and duplicity, and (4) that subsections (a) and (b) of § 588b, Title 12 U.S.C.A., are unconstitutional as applied to his case, since they provide for conflicting punishments for the same crime. He asked that the court order that he be brought before it so that he might be present during "the proceedings to be had for determination and decision upon the issues herein presented." He did not ask that he be resentenced "in conformity to the statute under which he was adjudged guilty." Holiday v. Johnston, supra, page 349 of 313 U.S. page 1017 of 61 S.Ct., 85 L.Ed. 1315.

The District Court, after a hearing at which Holiday was represented by counsel, entered an order on March 4, 1942, vacating the sentence of ten years imposed under the first count of the indictment, and sustaining the sentence of fifteen years imposed under the second count. In its opinion, the court quoted from the clerk's minutes of October 13, 1936, which recited that the defendant, Holiday, "pleads that he is guilty of the offense as charged in the indictment."

On March 18, 1942, Holiday filed a "motion to correct the record," in which he, in effect, asserted that, after entering a plea of guilty to the charge of robbing the Farmers State Bank of Maddock, North Dakota, he entered a separate plea of guilty to each count of the indictment. He moved the court to require the clerk's records to be changed to show the separate pleas. This motion the court denied.

This appeal is from the order vacating the sentence imposed under count 1 and refusing to vacate the sentence imposed under count 2, and also from the order denying the motion to correct the clerk's journal.

The only substantial question presented for review is whether the court erred in ruling that the sentence imposed under the second count was the only valid sentence.

Whether Holiday entered one plea of guilty to the indictment or a separate plea to each count, we regard as immaterial. The important fact is that, by his plea or pleas, he conceded that he committed the acts described in the indictment which constituted the crime with which he was charged, and submitted himself for sentence. His only justifiable complaint was that he received two consecutive sentences for one offense, instead of a single sentence.

■ The District Court, in ruling on Holiday's motion to vacate, did exactly what this Court did in the Hewitt case (110 F.2d 1) and what it directed should be done in the Garrison case (116 F.2d

978). See, also, Dimenza v. Johnston, 9 Cir., 130 F.2d 465, opinion filed September 10, 1942. It is our opinion that the indictment, after plea of guilty and for the purpose of sentence, charged but one offense, which was the offense fully described in the second count; that that count and the sentence imposed under it were valid; and that the court below did not err in sustaining that sentence and vacating the sentence imposed under the first count.

If the District Court on October 13, 1936, when Holiday entered his plea of guilty, had imposed the same sentences which were then imposed and had made them concurrent, instead of consecutive, the validity of the sentence of fifteen years would not be open to question, for the rule is that when a defendant is convicted upon several counts of an indictment, the judgment and sentence will be sustained if he was properly convicted under any count which is good and is sufficient in itself to support the judgment. Whitfield v. Ohio, 297 U.S. 431, 438, 56 S.Ct. 532, 80 L.Ed. 778; Gantz v. United States, 8 Cir., 127 F.2d 498, 501, and cases cited. It is not conceivable to us that Holiday can avoid the judgment imposed under the second count, merely because the court imposed consecutive, rather than concurrent, sentences.

The orders appealed from are affirmed.