UNITED STATES v. BURGESS et al.

No. 5995.

District Court, E. D. Kentucky.

May 26, 1943.

John T. Metcalf, U. S. Atty., of Lexington, Ky., and Claude P. Stephens, Asst. U. S. Atty., of Prestonsburg, Ky., for plaintiff.

J. A. Edge, of Lexington, Ky., for defendants.

FORD, District Judge.

At the March, 1938, term of this Court sitting at Frankfort, the defendant William Burgess and three others entered pleas of guilty to an indictment which charged them with the robbery of the Farmers Bank of Milton, Kentucky, a state bank, the deposits of which were insured by the Federal Deposit Insurance Corporation.

The indictment contained two counts. The first count charged that the defendants feloniously robbed the bank by force and violence and by putting in fear the Assistant Cashier, the crime defined by subsection (a) of § 588b, Title 12 U.S.C.A. The second count charged the same act and method of robbery of the bank with the additional charge that in committing the described robbery the defendants feloniously assaulted and put in jeopardy the life of the Assistant Cashier by the use of a dangerous weapon, this being the crime defined in subsection (b) of the same statute.

On March 15, 1938, each of the defendants was sentenced to a term of imprisonment of 20 years on the first count of the indictment and 25 years on the second count with the provision, however, that the sentences be served "concurrently". Defendants were duly committed to the custody of the Attorney General for confinement in an institution of the penitentiary type in execution of their respective sentences and are now imprisoned accordingly.

On February 20, 1943, the defendant William Burgess, contending that his commitment under the two sentences thus imposed is invalid, under the ruling of the United States Circuit Court of Appeals of the Eighth Circuit in Hewitt v. United States, 110 F.2d 1, filed a motion in this Court seeking to have the sentences vacated and that he be brought before the Court for resentence and recommitment under his plea of guilty to the indictment.

It having been established that the Court has jurisdiction to entertain the motion, Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392, and the defendant being in prison and without counsel, Mr. J. A. Edge, a member of the bar of this Court, was appointed by the Court to represent the defendant. He has diligently and ably presented the defendant's contentions.

Apparently, at the time the indictment in this case was returned on March 7, 1938, there had been no judicial construction of the Federal Bank Robbery Statute (12 U.S.C.A. § 588b) in respect to the question whether subsections (a) and (b) were designed to define two separate offenses to be separately punished, although, in respect to other criminal statutes it had been frequently held that when a statute denounces two different acts conviction may be had under both and two sentences imposed, despite the fact that both acts occurred in connection with the same course of conduct and upon the same occasion. Burton v. United States, 202 U.S. 344, 377, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362; Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151; Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153. Doubtless the indictment in this case was drawn and the sentence imposed in the light of these decisions. At the time of the arraignment and sentence of the defendants, no question was raised by either of them as to the validity of the indictment or either count thereof.

On February 21, 1939, the United States District Court of the Southern District of California in United States v. Harris, 26 F.Supp. 788, held that the Federal Bank Robbery Statute (12 U.S.C.A. § 588b) was designed to punish both robbery accompanied by simple force and robbery accompanied by the use of a deadly weapon endangering life, and that a defendant who pleaded guilty to an indictment covering both offenses was properly sentenced on both counts.

On November 22, 1939, in Durrett v. United States, 107 F.2d 438, the Circuit Court of Appeals of the Fifth Circuit expressed a contrary view, holding that the statute is so drawn as to indicate an intention of Congress to provide punishment for the commission of only one offense, for which only one sentence may be imposed, and that the greater offense defined in subsection (b), when charged in an indictment, necessarily embraces the lesser degree of the crime defined in subsection (a).

The Circuit Court of Appeals of the Eighth Circuit in Hewitt v. United States,

110 F.2d 1, expressed agreement with the conclusion reached by the Fifth Circuit in the Durrett case in respect to the interpretation of the Statute. The Supreme Court denied certiorari, 310 U.S. 641, 60 S.Ct. 1089, 84 L.Ed. 1409. In the Hewitt case it appeared that an indictment for bank robbery under section 588b of Title 12 U.S.C.A. contained two counts, the first of which, like the first count of the present indictment, charged the offense defined by subsection (a) and the second the offense defined by subsection (b) of the Statute. The Court imposed a sentence of 20 years on the first count and 25 years on the second but, unlike the present case, the judgment provided that the sentences be served "consecutively". The conclusion of the Court was:

" * * * that the robbery of the University Bank constituted, for the purpose of sentence, but one offense, and that no sentence should have been imposed under the first count of the indictment.

"The sentence of twenty years imposed under count one will be vacated. The judgment and the sentence of twenty-five years imposed under count two is affirmed." [110 F.2d 11.]

This case was followed by Holiday v. United States, 8 Cir., 130 F.2d 988, affirming United States v. Holiday, D.C., 44 F. Supp. 747, which is the sequel to the Supreme Court case of Holiday v. Johnston 313 U. S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392. The defendant Holiday sought vacation of consecutive sentences imposed upon him under two counts of an indictment for bank robbery which in all respects so far as material to the present question, are identical with the counts of the indictment in the instant case. The sentences imposed were imprisonment for ten years on the first count and for fifteen years on the second. The Court said:

"It is our opinion that the indictment, after plea of guilty and for the purpose of sentence, charged but one offense, which was the offense fully described in the second count; that that count and the sentence imposed under it were valid * * *." [130 F.2d 990.]

The Court vacated the sentence imposed under the first count saying that the defendant's "only justifiable complaint was that he received two consecutive sentences for one offense, instead of a single sentence." In this connection the Court further said:

"If the District Court on October 13, 1936, when Holiday entered his plea of guilty, had imposed the same sentences which were then imposed and had made them concurrent, instead of consecutive, the validity of the sentence of fifteen years would not be open to question, for the rule is that when a defendant is convicted upon several counts of an indictment, the judgment and sentence will be sustained if he was properly convicted under any count which is good and is sufficient in itself to support the judgment. Whitfield v. State of Ohio, 297 U.S. 431, 438, 56 S.Ct. 532, 80 L.Ed. 778; Gantz v. United States, 8 Cir., 127 F.2d 498, 501, and cases cited."

These authorities impel the conclusion that, for the purpose of sentence, the indictment in this case should have been treated as charging only the one crime described in the second count; and the first count should have been disregarded as mere surplusage. The sentence of 25 years imposed under the second count was authorized by the Statute and is valid. It is not within the power of the Court to now vacate it. No sentence should have been imposed under the first count of the indictment but, since the judgment of the Court provided that the sentences be served "concurrently", thereby merging the service of the 20 year sentence under the first count into the service of the 25 year sentence under the second count, thus, in reality, providing for the service of but one term of 25 years, obviously the defendant was not prejudiced in any way by the imposition of the lower concurrent sentence under the first count. Harmless error in a judgment is immaterial and should be disregarded. 18 U.S.C.A. § 556.

In Bartholomew v. United States, 177 F. 902, certiorari denied 217 U.S. 608, 30 S. Ct. 697, 54 L.Ed. 901, the Circuit Court of Appeals of the Sixth Circuit considered a similar situation and declined to set aside a judgment under which a separate sentence was imposed on each of three counts of an indictment, the first of which was alleged to be void. The Court said:

"But the terms of imprisonment were to be 'concurrent, and not cumulative.' The result to the defendant was the same as if a sentence on the first count had not been imposed, or as if a verdict of not guilty had

been rendered on that count. There is nothing therefore of which he can complain." [177 F.2d 905.]

It thus appearing that the sentence imposed upon the defendant under the second count of the indictment is valid and that the imposition of the concurrent sentence upon the first count was "as if a sentence on the first count had not been imposed" (Bartholomew v. United States, supra), the defendant's motion is without merit and should be denied.

Let an order be entered in conformity herewith.