## HOLBROOK v. UNITED STATES.
## MOORE v. SAME.
### Nos. 12522, 12523.

Circuit Court of Appeals, Eighth Circuit.
June 16, 1943.

David R. Derge, of Kansas City, Mo., and William L. Vandeventer, of Springfield, Mo., for appellants.

Maurice M. Milligan, U. S. Atty., and Richard K. Phelps, Asst. U. S. Atty., both of Kansas City, Mo., for appellee.

Before STONE, WOODROUGH, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

Appellants were indicted jointly under 48 Stat. 783, as amended by 50 Stat. 749, 12 U.S.C.A. § 588b, for robbing a bank insured by the Federal Deposit Insurance Corporation. The indictment was in two counts, the first being based upon subsection a and charging that the robbery was accompanied by force and putting the employees of the bank in fear, and the second being based upon subsection b and charging that the robbery was accompanied by putting the lives of the bank's employees in jeopardy by the use of dangerous weapons. They pleaded guilty to the indictment and each was given consecutive sentences of 20 years on the first count and 5 years on the second.

After having served approximately five years in the federal penitentiary,[1] they filed separate motions in the district court for an order to vacate the 20-year sentence on the first count of the indictment, on the ground that the crime charged against them in the two counts constituted only a single sentenceable offense, and that, under Hewitt v. United States, 8 Cir., 110 F.2d 1,[2] Garrison v. Reeves, 116 F.2d 978, and Holiday v. United States, 8 Cir., 130 F.2d 988,[3] the sentence on the first count was void. The trial court refused to make an absolute vacation of the sentences, as sought by the motions.[4]

---

[1] Five years' imprisonment had not quite been served at the time the motions were filed but had expired before the submission of the appeals in this Court.

[2] Certiorari denied 310 U.S. 641, 60 S. Ct. 1089, 84 L.Ed. 1409.

[3] Certiorari denied 317 U.S. 691, 63 S.Ct. 265, 87 L.Ed. —.

[4] The transcript contains an unsigned order entered by the clerk, expressly overruling the motions. Since the submission of the case here, the United States Attorney has filed a motion for leave to supplement the transcript, to include a signed order, which was apparently filed after the entry made by the clerk. One paragraph of this signed order provides, "with respect to vacating the sentence as to the first count only and to hold it to be null and void, that this particular part of the defendant's motion to vacate judgment and sentence on count one of indictment be, and the same is hereby overruled and denied." Another paragraph in the order, however, provides that it is "ordered by the Court that the motion of the said above-named defendants to vacate judgment and sentence on Count One of the indictment be sustained to this extent, and to this extent only, that the said above-named defendants be returned to the jurisdiction of this Court and be brought into open court for the purpose of re-sentencing in accordance with the intention of the

The Hewitt, Garrison and Holiday cases did not present the precise situation or question that is here involved. In all of them, it is true, we held that the defendant was entitled to have the sentence under subsection a vacated and allowed the sentence under subsection b to stand, but in each of them, different than in the present case, the court had imposed a heavier sentence on the count under subsection b than on the count under subsection a, and the practical effect of our decision, so far as the defendant was concerned, was to require him to serve the heavier sentence.

There is in the Hewitt case, 110 F.2d at page 11, an expression that "no sentence should have been imposed under the first count of the indictment." In the Garrison case, 116 F.2d at page 979, there is a statement that "the sentence of twenty-five years imposed under count two of the indictment against these petitioners was and is in all respects valid, but that the sentence to twenty years imprisonment under count one was not valid in law", and that the trial court "was without authority to impose the sentences upon the first count". In the Holiday case, 130 F.2d at page 990, we said: "It is our opinion that the indictment, after plea of guilty and for the purpose of sentence, charged but one offense, which was the offense fully described in the second count; that that count and the sentence imposed under it were valid; and that the court below did not err in sustaining that sentence and vacating the sentence imposed under the first count."

The suggestion in these opinions that a sentence under subsection a of the statute should be treated as void, where there also has been a sentence under subsection b, should, we think, be read in the light of the practical fact, which we have indicated above, that in all of these cases a heavier

sentence had been imposed under the second count than on the first. What basically was involved, and the only responsibility of the court in the matter, was simply to vindicate the defendant's right under the Fifth Amendment against double jeopardy or punishment.

■ The statute itself contains no language restricting the right of the court to impose a sentence under any particular subsection that has been violated, where there has been a conviction for more than one degree of a bank robbery offense. The only limitation, therefore, that can soundly exist in the situation is simply the constitutional prohibition against subjecting a defendant to more than one punishment in the federal courts for the same crime. This fundamental right can hardly properly be claimed to be transgressed because the defendant is compelled to serve a sentence under one subsection instead of the other, where he has been convicted of violating both. "His only justifiable complaint", as we said in the Holiday case, 130 F.2d at page 989, "was that he received two consecutive sentences for one offense, instead of a single sentence."

■ In the present case, as in the Garrison and Holiday cases, the sentences were imposed before the Hewitt case had been decided. It may reasonably be assumed that hereafter in this circuit only one sentence will be imposed by the trial courts for all convictions on an indictment under the several subsections of the bank robbery statute, in accordance with the Hewitt case, and that such a sentence will ordinarily be based on the subsection covering the most aggravated degree of the convicted offense. But where, as here, the court has imposed a sentence under more than one subsection, with a heavier penalty for the lighter degree of the offense, and with

Court at the time the original sentences were imposed; that the sentences heretofore imposed upon each count of the indictment be set aside pending re-sentence of the defendants; and that the defendants be permitted, if they so desire, to have the pleas of guilty heretofore entered set aside and to stand trial on the merits of the indictment lodged against them."

The signed order is ambiguous, but it appears to have been intended to deny appellants' request for an unconditional vacation of the first-count sentences and to grant them merely the right to be re-

turned for re-sentence on both counts, if they so desired, or to allow them to withdraw their previous pleas of guilty and to stand trial on the indictment. We construe the order to mean that both of the original sentences would be set aside if appellants were willing to submit themselves to re-sentence or to a re-trial, but that, if they refused to do so, the original sentences were to stand. With this construction, both the order entered by the clerk and the signed order would have the same legal effect, so far as appellants' right to appeal is concerned.

a provision in the order that the longer sentence shall be served before the commencement of the shorter, no sound legal reason exists why the longer sentence cannot properly be made to constitute the real punishment for the offense. Certainly it more nearly approaches, in such a situation, the measure of punishment which the trial judge believed and intended should be administered to the criminal under the particular circumstances of the case.

▇ Since neither sentence of itself is invalid by the terms of the statute, and the only invalidity in the situation derives from the constitutional prohibition against double jeopardy or punishment, justice and reason dictate, in such a case, that the court and not the defendant shall have the right to say which of the two consecutive sentences, contemporaneously imposed and both unexecuted, shall be eliminated in order not to subject the defendant to the possibility of double punishment. That question may properly be determined by the trial court up to the time that there has been a legal satisfaction of one of the sentences, and appropriate action may be taken to vacate the sentence which the court concludes should be voided, in order not to impinge upon the defendant's right against double punishment.

▇ In the present case there can be no claim that either one of the sentences has as yet been legally satisfied. The sentence and commitment of appellants provided that they should first serve their twenty-year terms before their five-year terms were to commence. Without and until a vacation of the twenty-year sentence, which was not of itself invalid under the terms of the statute, it is that sentence which they must be regarded as now being serving. If the situation had been such as in the Holiday case, where the court, before the full satisfaction or execution of the first sentence, had determined to vacate the first sentence instead of the second, in order to vindicate appellants' rights against double punishment, the time during which they had been imprisoned would then, of course, have become legally referable to their second sentence. Since in either situation they would be receiving proper credit for the time served, they can have no cause to complain, no matter which sentence may be set aside, so long as there has been no

legal satisfaction of either under the terms and conditions of the judgment.

The situation here is not parallel with that in Ex parte Lange, 85 U.S. 163, 18 Wall. 163, 21 L.Ed. 872, and In re Bradley, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. ——, nor has any contention been made by appellants that these cases are applicable and controlling. In both of these cases, the court imposed concurrent sentences of fine and imprisonment, where the statute allowed only a punishment of either fine or imprisonment. The defendant satisfied the judgment as to payment of the fine before any attempt was made to amend the sentence order. It was accordingly held in both of these cases that, since there had thus been a legal satisfaction of one valid alternative provision of the original sentence, any attempt to compel the defendant to serve the imprisonment portion of the sentence would be subjecting him to double punishment. But here there was no legal satisfaction of the five-year term, as we have pointed out, because imprisonment under that sentence, by the terms of the judgment, was not to commence until the twenty-year sentence had been served. Until the twenty-year sentence had been served or vacated, satisfaction of the five-year sentence would not legally have commenced to run.

To the extent that any expressions in the Hewitt, Garrison and Holiday cases may appear to conflict with the views expressed herein, they are to be deemed modified hereby and are to be construed in harmony with this opinion.[5]

For the purpose of allowing the lower court to proceed in accordance with the views here expressed, without any ambiguity in its records, the orders now appearing on the records in that court, in connection with the motions of appellants to vacate, will be set aside, and the cause will be remanded with directions to deny the motion of each appellant for an order vacating the twenty-year sentence on the first count of the indictment, but with directions to vacate the five-year sentence of each on the second count.

STONE, Circuit Judge (concurring).

I concur fully in the opinion of Judge Johnsen. Because the dissenting opinion

---

[5] The other judges of the Court who sat in the Hewitt, Garrison and Holiday cases, but who have not sat or participated in the decision of this case, have

approved the modification and construction of the expressions in those cases made in this opinion.

is based upon double jeopardy, it seems in place to state my views as to that. As matter of authority, the dissent is based upon In re Bradley, 318 U.S. 50, 63 S.Ct. 470, 471, 87 L.Ed. ——, which follows Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872. Each of those cases involved precisely the same situation, namely, sentence *both* of fine *and* imprisonment had been imposed under statutes limiting punishment to fine *or* imprisonment and, after accused had paid the imposed fine, the trial court endeavored to resentence to imprisonment only. Even as applied to the precise situation in the Lange case, the Chief Justice, in the Bradley case, dissented stating he thought the authority of the Lange case "should be reexamined and rejected." However, my interest is in the application of the doctrine of the Lange and Bradley cases to a different situation, such as here present.

In Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 1017, 85 L.Ed. 1392, where this very bank robbery statute was involved, the Court stated: "The erroneous imposition of two sentences for a single offense of which the accused has been convicted, or as to which he has pleaded guilty, does not constitute double jeopardy." 313 U.S. at page 349, 550, 61 S.Ct. at page 1017, 85 L.Ed. 1392. Also, it is significant that the Courts of Appeals, in determining diposition of void sentences on other than the situation (statutory alternative sentences) in the Lange case, have never considered that case as applicable. Bryant v. United States, 8 Cir., 214 F. 51; Miller v. United States, 5 Cir., 128 F.2d 519; McCleary v. Hudspeth, 10 Cir., 124 F.2d 445; King v. United States, 69 App.D.C. 10, 98 F.2d 291; Copeland v. Archer, 9 Cir., 50 F.2d 836; Hammers v. United States, 5 Cir., 279 F. 265, and see Mitchell v. Youell, 4 Cir., 130 F.2d 880, 882; United States v. Greenhaus, 2 Cir., 85 F.2d 116, 118, 107 A.L.R. 630, certiorari denied 299 U.S. 596, 57 S.Ct. 192, 81 L.Ed. 439; and Thompson v. United States, 9 Cir., 204 F. 973.

WOODROUGH, Circuit Judge (dissenting).

The crime of bank robbery accomplished by putting the lives of the bank's employees in jeopardy with deadly weapons was charged against these appellants in the second count of the indictment against them, and on their plea of guilty to that count the court was apprised of the full measure of their offending. The court thereupon became vested with the power and duty to fix the term of imprisonment for that offense and fixed it at five years. That determination of the court has been executed and the appellants have served the full term of five years imprisonment fixed by the court. I can not concur in this court's direction to "vacate the five year sentence." The five years of penal servitude which appellants have suffered can not be wiped out. It constitutes expiation of their crime and it seems clear to me that any process or proceeding by any of the agencies of government to inflict further punishment for the crime so expiated attempts double jeopardy forbidden by the constitution. I see no merit in the arguments which have been based on the fact that appellants had not fully completed their five year sentence at the time when they made their motion in the district court. That motion did not suspend their penal servitude or lessen its rigors in any way. Appellants continued to serve in the penitentiary during its pendency exactly the same as before. The motion could not operate to reinvest the court with power to fix the punishment for the crime. That power had been exercised and exhausted and the term on the second count was five years. The expiration of the five year term, when such expiration occurred, was patent to the court on the face of its own record, as was the fact that the crime had then been fully expiated. The single duty then devolving upon the court was to order the discharge of appellants and to protect them against any other jeopardy on account of the crime they had committed, confessed and expiated.

I do not think that pendency of any sort of proceedings in any court anywhere could excuse failure to perform that duty to free convicts whose crime was expiated. On the contrary, if any such proceedings appeared to stand in the way of appellants' discharge, the duty to abate such proceedings was clearly a necessary incident to the duty to set them free. The constitution's prohibition against double jeopardy is an absolute fundamental in our system of government.

I have, of course, considered the fact that the court, when it exercised its power to sentence these appellants, committed error by assuming to impose two sentences. The crime charged in the second count included the felonious acts of the first count and only the one sentence imposed under the second count was justified. The other was a nullity and the court's error is rendered harmless by so regarding it. However we may differ about how much imprisonment bank robbers ought to suffer, there is no cognizable error in fixing five years imprisonment for the single offense committed by appellants, charged against them in the second count and confessed by their plea of guilty thereto. That sentence was within the statute and the court's power and the court's conscience, and it has been fully served.

I think decision here conflicts with In re Bradley, 318 U.S. 50, 63 S.Ct. 470, 87 L. Ed. ——. In that case, exactly as in this one, the court, being empowered to assess one penalty for defendant's crime, assumed to assess two. Under the statute it could fine or imprison, but it sentenced the defendant to both fine and imprisonment. The defendant paid the fine, and it was then attempted, as in this case, to vacate part of the sentence (the fine) and to inflict the imprisonment. The arguments for such a course were more cogent than any presented for the government here. As was pointed out in the dissent of the Chief Justice, the fine money in that case could have been returned and defendant would suffer nothing. Here they have suffered five years imprisonment. In this case the five year sentence is in strict accord with law and only the invalid part of the sentence is to be dealt with, while in that case no such distinction could be drawn between the parts of the sentence. But it appeared to the Supreme Court that defendant's crime had been expiated, and it ordered his discharge. Constitutional prosecution must end with expiation.

It is too late to write direction into the records now to vacate the five year sentence. I think our duty here is the same as that which the expiation of the crime imposed upon the district court—the duty to discharge the appellants from their imprisonment and to protect them from any and all further governmental molestation for the same crime.