730

## UNITED STATES v. LA MOLINARE.

### No. 9372.

District Court, M. D. Pennsylvania.

June 22, 1944.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., for the Government.

Daniel H. Jenkins, of Scranton, Pa., for defendant.

WATSON, District Judge.

A petition has been filed by the defendant Albert LaMolinare in this case, seeking a correction of the sentence of this court imposed on him on March 8, 1937. The petitioner, Albert LaMolinare, was indicted in this district under 12 U.S.C.A. § 588b. The first count of the indictment charged the petitioner with robbing a bank by force and violence and by putting in fear a named person in the said bank; the second count of the indictment charged the petitioner with the same robbery but alleged further that in committing the same he did, by the use of a dangerous weapon, commit an assault upon the said employee of the said bank, and did put in jeopardy the life of the said employee. The first count charged the offense as defined in subsection (a) and the second count charged the offense as defined in subsection (b) of Section 588b. Petitioner entered a plea of guilty to both counts of the indictment and was thereupon, on March 8, 1937, sentenced to imprisonment for a term of five years on count one and ten years on count two, said sentences of imprisonment to run consecutively. A fine of One Thousand Dollars ($1,000) was also imposed on count two.

■ The sentence as originally imposed was erroneous. Subsections (a) and (b) of 12 U.S.C.A. § 588b do not create two separate crimes, but prescribe alternative sentences for the same crime depending on the manner of its perpetration. Holiday v. Johnston, 61 S.Ct. 1015, 313 U.S. 342, 349, 550, 85 L.Ed. 1392.

The United States Attorney has agreed that no rule to show cause need be issued and that the erroneous sentence may be corrected by the Court by vacating the sentence on Count One of the indictment or by any other method deemed proper by the Court. Counsel for the petitioner has also concurred therein.

■ The indictment in this case, for the purpose of sentence after the entry of a plea of guilty, charged but one offense and that offense is fully described in the second count. The second count therefore, and the sentence imposed thereunder, is valid. The sentence under the first count however should be vacated. Holiday v. United States, 8 Cir., 130 F.2d 988; Garrison v. Reeves, 8 Cir., 116 F.2d 978; Hewitt v. United States, 8 Cir., 110 F.2d 1; Dimenza v. Johnston, 9 Cir., 130 F.2d 465; Wells v. United States, 5 Cir., 124 F.2d 334, certiorari denied 316 U.S. 661, 62 S.Ct. 941, 86 L.Ed. 1738.

It is therefore hereby ordered, adjudged and decreed that the sentence of five years imprisonment heretofore imposed on Count One of the indictment be and the same is hereby vacated and the Clerk of this Court is hereby directed to prepare an amended commitment showing the sentence of this court to be—"for imprisonment in a penitentiary for and during the term and period of ten years on count two of the indictment, and to pay a fine to the United States in the sum of One Thousand Dollars on Count Two of the indictment, to be taxed, and to stand committed until such fine shall be paid, or until he shall be otherwise discharged by due course of law." And the Clerk of this court shall omit from

the said amended commitment the sentence heretofore imposed on Count One of the indictment and by this order vacated. The Clerk of this court is further directed to send a certified copy of the amended commitment, together with a copy of this Order attached thereto, to the Warden of the United States Penitentiary, Atlanta, Georgia.