## UNITED STATES v. MURRAY et al.
### No. E–3622.

District Court, W. D. Pennsylvania.

Nov. 1, 1944.

GIBSON, District Judge.

James Murray, now confined in the United States Penitentiary at Alcatraz, California, under a sentence of twenty-five years imposed by this court on June 6, 1939, has petitioned the court to correct that sentence which he alleges was erroneous.

The petitioner was convicted upon an indictment which contained two counts, the first drawn under 12 U.S.C.A. § 588b (a) the Act of 1934 as amended by the Act of 1937, 50 Stat. 749, and the second under Section 588b(b) of the Act of 1934 (not amended). The first count charged robbery by force and violence and putting in fear, and the second charged the same offense by putting in jeopardy the life of the cashier by the use of a revolver. Under the second count the sentence of twenty-five years was imposed. The judgment so imposed was not erroneous and does not require correction.

The petitioner possibly is laboring under a misapprehension as to the scope of the amendment of the Act of 1934 by the Act of 1937. He has quoted the Act of 1937 to show the amendment of Section 588(a), 12 U.S.C.A., but overlooked the fact that Section 588b(b) of the Act of 1934 has never been amended or repealed, and still is in force.

In Holiday v. United States, 8 Cir., 130 F.2d 988, under an indictment for robbery of a bank, with two counts as in the instant case, the lower court imposed a sentence on each of the counts, but later (after reversal by the Supreme Court) vacated the first count and continued the sentence upon the count wherein the use of a dangerous weapon was charged. 44 F.Supp. 747. Upon appeal to the Circuit Court of Appeals (8th Ct.), opinion by Judge Sanborn, it was held that the indictment, for the purpose of sentence, charged but one offense and that the sentence upon the indictment under the dangerous weapon phase was valid. It was also held by the Circuit Court of Appeals that the judgment and sentence will be sustained if defendant was properly convicted upon any count which was sufficient in itself to support the judgment.

This decision followed a reversal of the judgment upon certiorari granted, after refusal of a writ of habeas corpus. The Supreme Court held that the statute covered but one crime and, in effect, reversed the original judgment by which the lower court had sentenced the defendant to ten years on the first count and fifteen years on the second. See Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392. It ordered the return of the defendant to the original court, which vacated the judgment on the first count and imposed the sentence originally fixed for the count charging the jeopardizing of the lives of the officials of the bank. This was the judgment affirmed in Holiday v. U. S., supra. In the instant case but one sentence was imposed, that being upon the count charging the use of a dangerous weapon. Therefore the petition of James Murray for a correction of his sentence must be denied.