### UNITED STATES v. GEBHART.
### No. 1799 Criminal.

District Court, D. Nebraska,
Lincoln Division.
March 19, 1947.

Marvin Gebhart, pro se.

DELEHANT, District Judge.

On May 12, 1936, the defendant was indicted in this court and cause upon a charge of bank robbery. The indictment, under subsections (a) and (b) of Title 12 U.S.C.A.

---

§ 588b (see 48 Stat. 783 for precise form current at time of prosecution), was in three counts. Count I, under subsection (a) charged the commission of bank robbery by putting in fear. Under subsection (b), Count II charged that in the commission of the same robbery the defendant assaulted two designated persons with a pistol, and Count III charged that in the same act the defendant put the same two persons in jeopardy. Upon trial before a jury, he was found guilty by verdict returned on December 8, 1936, on each of the three counts. On December 26, 1936, pursuant to the verdict, Judge Thomas C. Munger sentenced "the defendant to the custody of the Attorney General of the United States or his authorized representative for imprisonment in a penitentiary for and during the term of twenty years under the first count, twenty-five years under the second count, and twenty-five years under the third count, the sentence under the first count to run concurrently with the sentences under the second and third counts, and the sentences under the second and third counts to run concurrently with each other." Each term of imprisonment fixed by the sentence was the maximum allowable under the statute for the count to which it related.

The defendant, still in custody under the sentence, now moves the court to vacate the sentence as to both Counts II and III, and for amendment accordingly of the commitment. He also asks that he be brought personally before this court by writ of habeas corpus ad prosequendum for hearing upon his motion.

Certain controlling judicial decisions, arising principally in the United States Circuit Court of Appeals for the eighth judicial circuit, compel this court to deny and overrule the motion of the defendant in its entirety. Without purposeless quotation or citation they may be noted very briefly.

At the time of the imposition of the sentence in this case, the right to pronounce a sentence under each of the several counts of an indictment of the character now involved was not seriously doubted. Later rulings of the circuit court, however, have conclusively denied the propriety of such a course.

In comparable situations it has been determined that where the act involved in the several counts of an indictment under Title 12 U.S.C.A. § 588b is the same, a single crime is committed for which only a single sentence may constitutionally be imposed. Durrett v. United States, 5 Cir., 107 F.2d 438; Hewitt v. United States, 8 Cir., 110 F.2d 1, certiorari denied 310 U. S. 641, 60 S.Ct. 1089, 84 L.Ed. 1409; Garrison v. Reeves, 6 Cir., 116 F.2d 978; United States v. Holiday, D.C.N.D., 44 F. Supp. 747; Holiday v. United States, 8 Cir., 130 F.2d 988, certiorari denied 317 U.S. 691, 63 S.Ct. 265, 87 L.Ed. 553, 554; Holbrook v. United States, 8 Cir., 136 F.2d 649.

It is equally well established that, despite the close of the term at which a sentence violative of the foregoing rule was pronounced, a motion for its correction may thereafter be presented to and acted upon by the sentencing court in the manner in which the defendant submits his present motion. Holiday v. Johnston, 313 U.S. 342, 349, 61 S.Ct. 1015, 85 L.Ed. 1392; Garrison v. Reeves, 8 Cir., 116 F.2d 978; United States v. Holiday, D.C.N.D., 44 F. Supp. 747; Holiday v. United States, 8 Cir., 130 F.2d 988, 990, certiorari denied 317 U.S. 691, 63 S.Ct. 265, 87 L.Ed. 553, supra.

However, it has consistently been held in such circumstances that the longer or longest of the two or more sentences otherwise validly pronounced is the one which is to be sustained as effective. Hewitt v. United States, 8 Cir., 110 F.2d 1, 11, certiorari denied 310 U.S. 641, 60 S.Ct. 1089, 84 L.Ed. 1409, supra; Garrison v. Reeves, 8 Cir., 116 F.2d 978, 979; United States v. Holiday, D.C.N.D., 44 F.Supp. 747; Holiday v. United States, 8 Cir., 130 F.2d 988, 989, certiorari denied 317 U.S. 691, 63 S. Ct. 265, 87 L.Ed. 553, supra; Holbrook v. United States, 8 Cir., 136 F.2d 649 (in which certain doubtfully accurate expressions in earlier cases were examined and their thought clarified); Dimenza v. Johnston, 9 Cir., 131 F.2d 47; and United States v. Murray, D.C., 57 F.Supp. 590. See also Gantz v. United States, 8 Cir., 127 F.2d 498.

Against the consequence of the rule last noted, the defendant argues that by imposing sentence under Count I this court

exhausted its jurisdiction to impose upon him any further sentence for his criminal act, and, therefore, the sentences under Counts II and III must be adjudged to be void and, consequently vacated. But that question was carefully considered and answered adversely to the defendant's contention by Judge Vogel in United States v. Holiday, D.C.N.D., 44 F. Supp. 747, whose ruling in respect of it was affirmed on appeal by the Circuit Court of Appeals for this circuit, Holiday v. United States, 8 Cir., 130 F.2d 988, certiorari denied 317 U. S. 691, 63 S.Ct. 265, 87 L.Ed. 553, supra. The act of imposing sentence upon the verdict was single and no fortuitous result may follow from the order in which the several counts appear in the indictment, and the resulting sequence in which the component parts of the sentence were announced and recorded. A valid sentence to imprisonment for twenty-five years resulted from the pronouncement of Judge Munger.

If the sentence had required the service consecutively of the several terms of imprisonment prescribed, this court would now be compelled to take corrective action to the end that only a single term, and that for twenty-five years, would be effective. But that is already the result in practical effect, for Judge Munger made the two terms for twenty-five years to run concurrently with each other and directed that the twenty year term be served concurrently with them. And in that situation, no injury has resulted to the defendant from the error in the imposition of a sentence to three terms, one upon each of the three counts. Whitfield v. Ohio, 297 U.S. 431, 56 S.Ct. 532, 80 L.Ed. 778; Gantz v. United States, 8 Cir., 127 F.2d 498, 501; and Holiday v. United States, 8 Cir., 130 F.2d 988, 990, certiorari denied 317 U.S. 691, 63 S. Ct. 265, 87 L.Ed. 553, supra. In the case last cited, the Circuit Court of Appeals, dealing with the statute involved on this occasion said: "If the District Court on October 13, 1936, when Holiday entered his plea of guilty, had imposed the same sentences which were then imposed and had made them concurrent, instead of consecutive, the validity of the sentence of fifteen years would not be open to question, for the rule is that when a defendant is convicted upon several counts of an indictment, the judgment and sentence will be sustained if he was properly convicted under any count which is good and is sufficient in itself to support the judgment." See also United States v. Burgess, D.C.Ky., 50 F.Supp. 164; Bartholomew v. United States, 6 Cir., 177 F. 902, 905, certiorari denied 217 U.S. 608, 30 S.Ct. 697, 54 L.Ed. 901; 18 U.S.C.A. § 556.

 Finally, it has been held with good reason that the defendant's request that he be brought before the court for appearance at a hearing upon his motion is without merit. Garrison v. Reeves, 8 Cir., 116 F.2d 978, 979, and United States v. Holiday, D.C. N.D., 44 F.Supp. 747, affirmed 8 Cir., 130 F.2d 988.

An order is being entered in harmony herewith.