## UNITED STATES v. HARRIS et al.
## No. 13897.

District Court, W. D. Missouri, W. D.
June 12, 1947.

Otto Schmid, Asst. U. S. Atty., of Kansas City, Mo., for plaintiff.

Joseph Miniace and Ira B. McLaughlin, both of Kansas City, Mo., for defendant.

REEVES, District Judge.

The petitioner has filed his motion in forma pauperis for the correction of an alleged error in the sentence heretofore imposed upon him. In his motion the petitioner sets forth the chronology and history of the case. It is unnecessary to repeat such chronology or history.

The petitioner was convicted upon an indictment charging him with violating Section 588b "Robbery of bank;" Title 12 U. S.C.A. The indictment was conventional and in two counts. Upon conviction he was sentenced to 20 years on the first count and to 25 years on the second count, the sentences to run consecutively. After decision in the case of Hewitt v. United States, 8 Cir., 110 F.2d 1, the petitioner sought to have the sentence corrected in his case.

In the Hewitt case it was held by the Court of Appeals that the sentence on the first count, which is precisely like that in the petitioner's case, was invalid, but that the sentence on the second count was a valid sentence. The Court of Appeals, therefore, reversed the sentence on the first count and affirmed the sentence on the second count.

The petitioner instituted a mandamus proceeding against the writer for a correction of the sentence. Garrison et al. v. Reeves, District Judge, 8 Cir., 116 F.2d 978. In rendering its decision on the application of the petitioner and his associates, the court said: "On consideration of the petition for mandamus and the showing in support thereof * * * we are of opinion that the sentence of twenty-five years imposed under count two of the indictment against these petitioners was and

is in all respects valid, but that the sentence to twenty years imprisonment under count one was not valid in law, &ast; &ast; &ast;."

It will be noted from the foregoing that the petitioner, in an action brought wholly for that purpose, obtained an adjudication that the sentence of twenty-five years imposed upon him on the second count was a valid sentence. At the same time he obtained a judgment invalidating the sentence on the first count of the indictment. It is his contention now that the only valid sentence was the first count and that the second count was invalid. To sustain the contention of the appellant upon a judgment obtained by him, and which judgment was satisfactory to him at the time, would be for this court to nullify a specific and direct ruling of the Circuit Court of Appeals.

The "motion for correction of sentence" should be and will be overruled.