**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gerald EDICK, Defendant-Appellant.**

No. 78–1893.

United States Court of Appeals,
Ninth Circuit.

Aug. 31, 1979.

Thomas M. Schneiger, Portland, Or., on brief; Stuart I. Teicher, Portland, Or., argued, for defendant-appellant.

Sidney I. Lezak, U. S. Atty., Henry C. Lorenzen, Asst. U. S. Atty., Portland, Or., on brief; Jack C. Wong, Asst. U. S. Atty., Portland, Or., argued, for plaintiff-appellee.

Before VAN DUSEN,[*] WRIGHT and GOODWIN, Circuit Judges.

## ON PETITION FOR CLARIFICATION OR REHEARING

EUGENE A. WRIGHT, Circuit Judge:

The court's opinion of May 22, 1979, reported at 597 F.2d 672, is withdrawn. The government's petition for rehearing or clarification and the defendant-appellant's petition for rehearing are granted. The following disposition replaces the court's earlier opinion.

Edick appeals the district court's order denying his motion to correct an illegal sentence following his conviction for violating the National Firearms Act, 26 U.S.C. § 5861(d) and (i). He contends that the consecutive sentences imposed were illegal because they arose from a single transaction which violated two closely related provisions of the Act. He also asserts that the initial sentence was invalid as a "split sentence" contrary to the provisions of 18 U.S.C. § 3651.

We agree that the consecutive sentences were illegal. The sentences are vacated, and the cause remanded for further proceedings consistent with this opinion.

## FACTS

Edick was convicted on a two-count indictment of possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d), and of possession of the same firearm not identified by serial number, in violation of 26 U.S.C. § 5861(i). On September 29, 1975, Edick was sentenced to imprisonment for a period of three years on Count One and five years on Count Two. The latter sentence was suspended, and he was placed on probation for a five-year period, commencing upon his release from custody on the sentence imposed under Count One. Upon Edick's motion for modification of sentence, the sentence imposed under Count One was reduced to "time served as of June 15, 1976."

A hearing was held on April 7, 1978, on Edick's motion to correct illegal sentence and on an Order to Show Cause seeking the revocation of Edick's probation under Count Two. The motion was denied. He was found to be in violation of the conditions of his probation; therefore the district court revoked his probation and imposed a new sentence of three years imprisonment on Count Two.

The question is whether consecutive sentences may be imposed on the multiple counts where the firearms violations arose from a single transaction.

## ILLEGALITY OF SENTENCE

Relying on *United States v. Clements*, 471 F.2d 1253 (9th Cir. 1972), Edick contends that the district court exceeded its statutory authority by imposing consecutive sentences on the two counts of the indictment. He argues that under *Clements* the two counts must merge for sentencing purposes because they arose from the same transaction.

The government argues that *Clements* does not prohibit consecutive sentences per se but only those sentences that exceed the ten-year statutory maximum allowed for a single count. There is language in the opinion to support each contention. However, our consideration of *Clements* and subsequent cases persuades us that the broader interpretation proposed by Edick is the better view.

*Clements* had been convicted for a single act that violated subsections (c), (d), and (f)

---

[*] Senior Circuit Judge for the Third Circuit.

of 26 U.S.C. § 5861. Under 26 U.S.C. § 5871 ten years imprisonment is the maximum that may be imposed for "any" violation of the National Firearms Act. The district court in *Clements* had imposed sentences of ten years imprisonment *on each count, to be served consecutively.*

In *Clements* we held that the imposition of consecutive maximum sentences for multiple offenses arising from the same transaction pyramids punishment when such multiple punishment is not authorized by Congress. The sentences were vacated and the cause remanded to the district court "for resentencing to a term not to exceed the maximum punishment that can be imposed for a single count of the indictment upon which Clements has been convicted." 471 F.2d at 1258.

The *Clements* doctrine has been discussed and approved in numerous subsequent cases both within this circuit and in others. *E. g.*, *United States v. Kaplan*, 588 F.2d 71, 74–75 (4th Cir. 1978); *United States v. Ortiz-Martinez*, 557 F.2d 214, 216 (9th Cir. 1977); *United States v. Kalama*, 549 F.2d 594, 597 (9th Cir. 1976), *cert. denied*, 429 U.S. 1110, 97 S.Ct. 1147, 51 L.Ed.2d 564 (1977); *Rollins v. United States*, 543 F.2d 574, 575 (5th Cir. 1976); *United States v. Ackerson*, 502 F.2d 300, 305 (8th Cir. 1974), *vacated on other grounds*, 419 U.S. 1099, 95 S.Ct. 769, 42 L.Ed.2d 796 (1975); *United States v. Tankersley*, 492 F.2d 962, 969 (7th Cir. 1974); *United States v. Jones*, 487 F.2d 676, 679 n.1 (9th Cir. 1973). Most of these opinions have involved cases where the total of the sentences imposed exceeded the statutory maximum. Only the Fifth Circuit has addressed the precise issue raised by Edick.

In *Rollins v. United States*, 543 F.2d 574, the Fifth Circuit, citing *Clements*, vacated a ten-year sentence imposed upon revocation of probation as to one count and remanded for resentencing to a term that would not exceed the ten-year statutory maximum when coupled with the three years already served on a different count arising from the same violation of the National Firearms Act.

This application of *Clements* agrees with the government's argument that only sentences exceeding the ten-year maximum are prohibited. *Accord, United States v. Kaplan*, 588 F.2d at 75 (in remanding for correction of two consecutive maximum sentences the court noted that separate sentences were permitted so long as the total sentence did not exceed the maximum sentence allowed for one violation).

■ Notwithstanding these cases, the language in the *Clements* opinion and in subsequent opinions by this court convinces us that the law of this circuit forbids the imposition of consecutive sentences for different counts arising from a single transaction violating different provisions of 26 U.S.C. § 5861, regardless of whether the aggregate of the sentences exceeds the statutory maximum.

In *Clements* we stated repeatedly that Congress did not intend to impose cumulative or pyramided punishments for a single violation of the Act. 471 F.2d at 1255–58.[1] In *United States v. Kalama*, 549 F.2d 594, we did not mention the number of years of the consecutive sentences that had been imposed but, citing *Clements* concluded that "[t]he imposition of consecutive sentences for possession (Count I) and making (Count IV) the same firearm . . ., constitute [sic] an unlawful pyramiding of punishments." 549 F.2d at 597. In *United States*

---

1. The legislative history of the National Firearms Act is rather complex, but we have found nothing in it which indicates a congressional intent to impose cumulative punishment on one who unlawfully makes a firearm.

 471 F.2d at 1255.
 We conclude that the Act should be construed against the authorization of pyramided punishments for the single transaction herein involved.

 *Id.* at 1257.
 In this case, all of the offenses charged are rooted in one legislative enactment (the 1952 amendment), and there is nothing in the history of that enactment, the history of the prior provisions upon which it was modeled, or the history of subsequent recodifications of the law which clearly suggests that Congress intended to authorize multiple punishments for the single transaction involved. *Id.* at 1258.

*v. Jones*, 487 F.2d at 679, we characterized the *Clements* holding as "only that the imposition of cumulative sentences was not authorized by the statute."

 To maintain consistency within this circuit and to follow the policy of resolving doubts of congressional intent in favor of less severe punishment, *see Prince v. United States*, 352 U.S. 322, 329, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), we hold that the consecutive sentences imposed upon Edick were illegal because the offenses violating the National Firearms Act arose from a single transaction.

## SPLIT SENTENCING

Edick contends that the district court had the statutory authority to impose one of three alternative sentences: (1) imprisonment for a term not to exceed ten years or a fine not greater than $10,000, under 26 U.S.C. § 5871; (2) probation for not more than five years, under 18 U.S.C. § 3651; or (3) a split sentence of not more than six months in confinement and five years on probation, under 18 U.S.C. § 3651.

Edick asserts that the counts should have been merged for sentencing and that therefore the sentence imposed was in effect a split one of three years imprisonment and five years probation in violation of 18 U.S.C. § 3651.[2]

He argues that the three-year sentence on the first count was valid, but that the five-year sentence on the second count was void when imposed.[3] He cites *Kennedy v. United States*, 330 F.2d 26 (9th Cir. 1964), for the proposition that the void portion of

the sentence must be stricken, and contends that, because he has satisfied the three-year sentence, he must be released.

We need not decide whether *Kennedy* dictates the result urged by Edick when an illegal split sentence has been imposed, because we believe that he mischaracterizes the error that occurred below. If the district court had imposed one sentence of three years in prison and five years probation, it would clearly have violated the guidelines for split sentencing. But the problem here was not that there was *one* sentence unauthorized by statute. It was the consecutive nature of two separate sentences which effected an illegal cumulation of punishment under *Clements*.

## CORRECTION OF ILLEGAL CONSECUTIVE SENTENCES

Correctly characterizing the nature of the error does not resolve the question of how to correct the imposition of illegal consecutive sentences. The government asks that we adopt the approach taken by the Third Circuit in *United States v. Corson*, 449 F.2d 544 (3rd Cir. 1971).

*Corson* was convicted on multiple counts of violating the Bank Robbery Act, 18 U.S.C. § 2113. He received consecutive sentences of 10 years on count I, five years on count II, and five years on count III. Because his consecutive sentences were illegal under *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), the district court granted Corson's Fed.R.Crim. Proc. 35 motion and vacated the sentences on counts II and III.

---

**2.** 18 U.S.C. § 3651 provides that:

[u]pon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction . . . may impose a sentence in excess of six months and provide that the defendant be confined . . . for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation . . . . ·

**3.** The government argues that the sentence was voidable only, and not void, citing *United*

*States v. Kenyon*, 519 F.2d 1229 (9th Cir.), *cert. denied*, 423 U.S. 935, 96 S.Ct. 293, 46 L.Ed.2d 267 (1975). The Supreme Court has pointed out that the designation of judgments as "void" or "voidable" is not always helpful.

The distinctions between void and merely voidable judgments are very nice, and they may fall under the one class or the other as they are regarded for different purposes. *Ex parte Lange*, 85 U.S. (18 Wall.) 163, 175–76, 21 L.Ed. 872 (1874). The same may be said of the distinction between void and voidable sentences.

■ The Third Circuit held that the correct remedy for the illegal sentences was not to vacate some of the sentences and leave the others standing, but to vacate *all* the sentences and to remand for resentencing on all counts. It instructed the district court, on remand, to impose a general sentence not to exceed the maximum originally imposed on any one count.[4]

The *Corson* court reasoned:

In this case, the trial court erroneously imposed separate sentences on all three robbery counts. It is impossible to say that certain of these sentences rather than others were "illegal" under Rule 35.

Rather, it was the *cumulation* of sentences, *the sentencing in its entirety* which was "illegal." . . . Thus, all the sentences originally imposed were invalid and ought to have been vacated in their entirety, so that the appellant could then be resentenced.

449 F.2d at 551 (emphasis in original) (footnote omitted). *See also Natarelli v. United States*, 516 F.2d 149, 153 (2d Cir. 1975).

■ We agree with the Third Circuit view that, when a defendant has been sentenced to illegal consecutive terms, the entire sentence must be vacated and the defendant resentenced.[5] As Edick points out,

4. The court instructed the district court to impose a general sentence on all three counts not to exceed the ten year sentence originally imposed on count I. 449 F.2d at 552 (citing *Ex Parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874), in a footnote). The court was concerned that a resentence in excess of the amount originally imposed on any count would violate the double jeopardy clause. *Id.* at 551.

In *Corson*, the defendant originally received the maximum sentence on each count. Consequently, the district court was free to resentence up to the statutory maximum. Here, Edick received less than the maximum on both counts and he could not be resentenced to the maximum. It is the amount originally *imposed* on each count, rather than the maximum that *could* have been imposed, which sets the double jeopardy "ceiling" on resentencing. *See also United States v. Turner*, 518 F.2d 14, 16 (7th Cir. 1975) ("We need only determine the most severe sentence *imposed* on any one count to set the limits for resentencing.") (emphasis added).

With respect to the double jeopardy aspects of resentencing, *Corson* is in accord with cases from this circuit. In *United States v. Best*, 571 F.2d 484 (9th Cir. 1978), and *Kennedy v. United States*, 330 F.2d 26 (9th Cir. 1964), we held that when a court has imposed illegal consecutive sentences, but the length of each individual sentence is within the statutory maximum for the offense charged, the court may not increase the length of any individual sentence on remand without violating the double jeopardy clause. The court may only correct the initial illegality by making the sentences concurrent instead of consecutive.

The government again cites *Rollins v. United States*, 543 F.2d 574 (5th Cir. 1976), as allowing the district court to resentence Edick up to the maximum that could have been imposed on either count. This result follows from the holding of that case, that only sentences in excess

of the ten-year maximum for one count under the National Firearms Act are illegal. We reject that view in the first part of this opinion, in which we hold that consecutive sentences are illegal even if their aggregate amount is within the statutory maximum for one violation of the act.

5. We express no opinion on the advisability of general sentences, but note that this circuit has disapproved of them in the past. *E. g., Lee v. United States*, 400 F.2d 185, 187 (9th Cir. 1968); *McDowell v. Swope*, 183 F.2d 856, 858 (9th Cir. 1950).

The Third Circuit in *Corson* opted for general sentencing under the Bank Robbery Act because it believed that concurrent sentences would be illegal under *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957). In *Prince*, the Court reasoned that

the heart of the crime [of bank robbery] is the intent to steal. This mental element merges into the completed crime if the robbery is consummated.

352 U.S. at 328, 77 S.Ct. at 407.

Relying on this merger language, the majority of courts have concluded that concurrent sentences are not permissible for the crimes of entering a bank with intent to rob it, and robbing it. *E. g., United States v. Amos*, 566 F.2d 899 (4th Cir. 1977); *United States v. White*, 440 F.2d 978 (5th Cir. 1971).

In contrast, the crimes for which Edick was convicted under the National Firearms Act do not merge in the same sense as offenses under the Bank Robbery Act. It is possible to commit the crime of possessing an unregistered firearm without committing the crime of possessing a firearm lacking a serial number.

Although these are separate offenses contained in separate provisions of the act, when they are committed with respect to the same firearm they cannot form the basis for cumulative punishment. *United States v. Clements*, 471 F.2d 1253 (9th Cir. 1972). But because

however, there is an important factual distinction between this case and others in which courts have attempted to correct illegal consecutive sentences.

At the outset, Edick could have been sentenced legally to concurrent terms of three years in prison on count I and five years in prison on count II. Alternatively, both sentences could have been suspended, and concurrent probation terms imposed. Instead, the count II sentence was suspended and a consecutive five-year probationary term imposed. Edick has now fully satisfied the count I sentence, which was reduced to time served as of June 15, 1976. He argues that resentencing him on both counts after he has fully served the sentence imposed on one count is impermissible under *Ex parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873), and *In re Bradley*, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943).

Lange was found guilty of stealing mail bags. The maximum punishment under the relevant statute was one year *or* a $200 fine. The judge sentenced him to one year *and* a $200 fine. Lange began serving his sentence and paid the fine. Five days later, the judge realized his mistake and vacated the first sentence, resentencing Lange to one year only. Lange petitioned for release on a writ of habeas corpus.

The Supreme Court concluded that the lower court had erred "in imposing the two punishments mentioned in the statute, when it had only the alternative of one of them." 85 U.S. at 174. Because Lange had paid the fine and commenced serving the sentence, the court could not resentence

him to another punishment without reference to the previous sentence.[6] To do so would violate the double jeopardy clause.

The Court noted that Lange had fully satisfied one of the punishments which the lower court could have validly imposed under the statute. As a result, that court was no longer free to vacate the sentence and to resentence him to the other alternative under the statute.[7] The court reached the same result on similar facts in *In re Bradley*, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943).

In *United States v. Liddy*, 166 U.S.App. D.C. 289, 510 F.2d 669 (1974), the court discussed *Lange, Bradley*, and a related case, *United States v. Benz*, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931). It stated:

Two general principles may be gleaned from the *Lange* series of decisions, . . . . First, *Lange* holds that a convicted defendant may not be punished twice for the same offense. . . . Second, as the Court in *Benz* recognized, "the court during the same term may amend . . the punishment, but not so as to increase it. . . .

510 F.2d at 672 (quoting *Benz*, 282 U.S. at 307, 51 S.Ct. 113).

Here, the trial court's error was to subject Edick to two punishments when, under *Clements*, only one was authorized. Either prison time or probation was valid under the statutory alternatives, but, to avoid an illegal cumulation of punishment, the sentences had to be imposed concurrently. Manifestly, prison time and probation cannot be served concurrently.

they are separate offenses, a defendant may receive separate concurrent sentences for each. *United States v. Jones*, 487 F.2d 676, 679 n. 1 (9th Cir. 1973); *accord, United States v. Ponder*, 522 F.2d 941 (4th Cir.), *cert. denied*, 423 U.S. 949, 96 S.Ct. 369, 46 L.Ed.2d 285 (1975).

6. The Court explained that the effect of the lower court's ruling was to require Lange to pay the fine *and* serve one year in jail plus the five days he had already served.

 The fact that Lange could not recover his $200 was not the determinative factor in its decision, as the Court made clear in *In re Bradley*, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943). There, the lower court made a nearly

identical sentencing error, but attempted to rectify it by trying to return Bradley's money. The Court held that this made no difference because, by tendering the full amount of the fine, Bradley had satisfied one of the alternative sentences.

7. The Court stated:
We are of the opinion that when the prisoner, . . . ., by reason of a valid judgment, had fully suffered one of the alternative punishments to which alone the law subjected him, the power of the court to punish further was gone.
85 U.S. at 176.

Edick has now fully satisfied one of the valid alternative punishments: the three-year sentence on count I which was reduced to time served. To resentence him now to concurrent sentences on counts I and II would "amend . . . the punishment . . . so as to increase it," offending *Lange, Bradley,* and *Benz.*

*Lange* and *Bradley* are often cited in cases dealing with correction of illegal sentences, usually for the general proposition that a court may not increase a defendant's punishment once he has begun to serve it. *E. g., United States v. Best,* 571 F.2d 484, 486 (9th Cir. 1978); *United States v. Bynoe,* 562 F.2d 126, 128 (1st Cir. 1977); *Wright v. United States,* 519 F.2d 13, 16–17 (7th Cir. 1975); *United States v. Turner,* 518 F.2d 14, 15 (7th Cir. 1975); *United States v. Corson,* 449 F.2d 544, 550 (3d Cir. 1971); *Kennedy v. United States,* 330 F.2d 26, 27 (9th Cir. 1964); *United States v. Leather,* 271 F.2d 80 (7th Cir. 1959); *Holbrook v. United States,* 136 F.2d 649, 652 (8th Cir. 1943). In none of these cases had the defendant fully satisfied one part of an illegal consecutive sentence as has Edick.[8]

The closest case factually is *Holbrook v. United States,* 136 F.2d 649 (8th Cir. 1943). Holbrook received illegal consecutive sentences of 20 years and 5 years in prison under the bank robbery statute. The court of appeals remanded, instructing the district court to vacate one of the two sentences. Holbrook contended that he was entitled to be released on the strength of *Lange* and *Bradley* because he had served more than five years.

The court agreed that the district court had the option of vacating either of the two sentences only "up to the time there has

been a legal satisfaction of one of the sentences." 136 F.2d at 652 (emphasis added). It concluded, however, that Holbrook was not entitled to release because the district court had explicitly provided that he was to serve the 20-year sentence before the five-year sentence. He had not fully complied with either of the alternative sentences because he had not completed the first. By negative inference, had he fully satisfied one sentence, *Lange* and *Bradley* might have mandated his release.

In *Wright v. United States,* 519 F.2d 13 (7th Cir. 1975), and in *United States v. Leather,* 271 F.2d 80 (7th Cir. 1959), the defendants were serving multiple *concurrent* sentences under the bank robbery statute. The court agreed with defendants that it was error to impose more than one sentence even if they were to run concurrently. Both argued that they had satisfied the shorter of the two concurrent sentences, and therefore should be released.

In both cases, however, the sentencing courts had acknowledged the error and vacated the shorter of the two concurrent terms before the defendants had fully served them. Consequently, *Bradley* and *Lange* did not apply. In this case, the district court did not correct the illegal sentence before Edick had satisfied the three-year term imposed on count I.

We conclude that the district court lost the power to resentence Edick on count II once he had satisfied his sentence on count I. We remand to the district court to vacate the three-year sentence on count II imposed upon revocation of Edick's probation.[9]

REVERSED AND REMANDED.

---

8. In *Rollins v. United States,* 543 F.2d 574 (5th Cir. 1976), the court of appeals instructed the district court to resentence the defendant on multiple counts of violations of the National Firearms Act, even though he had fully satisfied the first part of his illegal consecutive sentences.

There is no discussion in the opinion of *Lange, Bradley,* or any related cases and no indication that the defendant raised the argument that Edick raises here.

9. Edick's probation was revoked because he had violated the prohibition against receipt of a firearm by a felon. He was separately sentenced to a year and a day in prison for that offense, to run consecutively to the three-year sentence imposed on count II following the revocation of probation. He is still subject to the year and a day sentence for the separate violation.

With respect to any credit that may be due Edick for time served on count II, we note that

---

It is the administrative responsibility of the Attorney General, the Department of Justice, and the Bureau of Prisons to compute sentences and apply credit where it is due. It is

not the province of the sentencing court. *United States v. Clayton*, 588 F.2d 1288, 1292 (9th Cir. 1979), *citing* 18 U.S.C. § 3568 (case citations omitted).