**Larry P. THOMAS, Appellant,**

v.

**Terry MORRIS, Appellee.**

**No. 85–1934.**

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1986.

Decided April 3, 1987.

Rehearing En Banc Granted June 24, 1987.*

Springfield Baldwin, St. Louis, Mo., for appellant.

Patricia D. Perkins, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and HANSON,* Senior District Judge.

* See 820 F.2d 1434.

** The HONORABLE WILLIAM C. HANSON, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

HANSON, Senior District Judge.

Thomas appeals the district court's dismissal of his habeas corpus petition, asserting that a trial court's vacation of his previously commuted sentence is an inadequate remedy for the double jeopardy violation he suffered. He alleges that his continued confinement under a related sentence subjects him to further violation of the double jeopardy clause. For the reasons discussed below, we reverse the district court's decision and remand in accordance with our opinion.

## I.

Thomas was convicted of first degree felony-murder and of attempted robbery in the first degree by means of a dangerous and deadly weapon in a jury trial in the Circuit Court of the City of St. Louis. On May 25, 1973, Thomas was sentenced to a fifteen-year sentence for the attempted robbery, and to a term of life imprisonment for the felony-murder. The sentences were ordered to be served consecutively, beginning with the fifteen-year sentence. Appellant began serving this sentence on June 28, 1973. The convictions were affirmed by the Missouri Court of Appeals on February 11, 1975. *State v. Thomas*, 522 S.W.2d 74, 77 (Mo.App.1975).

Following this affirmation, appellant Thomas collaterally attacked the judgment by filing a Missouri Supreme Court Rule 27.26 motion in state court. The motion was initially dismissed by the state court, but later the Missouri Court of Appeals vacated the dismissal and remanded the cause to the circuit court for a new hearing. On March 27, 1981, appellant's attorney amended the Rule 27.26 motion by adding a double jeopardy claim.

In June of 1981, then Missouri Governor Christopher S. Bond commuted appellant's fifteen-year sentence. One year later, on June 24, 1982, the circuit court vacated the fifteen-year sentence and the conviction for attempted robbery. The court held that the combination of the attempted robbery conviction and the felony murder conviction violated the double jeopardy clause. All of the time Thomas had served prior to the

court's vacation was credited toward the remaining life sentence. The Missouri Court of Appeals affirmed the circuit court's decision. *Thomas v. State*, 665 S.W.2d 621, 625 (Mo.App.1983).

Thomas then filed a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. He asserted that his continued confinement under the life sentence for the conviction of first degree felony-murder was unconstitutional under the double jeopardy clause. United States Magistrate Robert Kingsland issued a recommendation that the writ of habeas corpus be granted. It was the opinion of the Magistrate that because Thomas had "fully satisfied one sentence, the state court was without power to vacate the same sentence and cause petitioner to serve life imprisonment for the same conviction." *Thomas v. Morris*, No. 84–1760 C(5), slip op. at 11 (E.D.Mo. March 29, 1985).

This recommendation was rejected by the United States District Court for the Eastern District of Missouri on June 28, 1985, in an order by the Honorable Stephen N. Limbaugh. The court denied the habeas petition, holding that the "Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Thomas v. Morris*, No. 84–1760 C(5), slip op. at 3 (E.D.Mo. June 28, 1985). The court ruled that Thomas was "not being subjected to greater punishment than the legislature intended" because "the entire time he served for the attempted robbery sentence was duly credited to his life sentence on the felony murder conviction." *Id.*

Thomas filed an appeal with this court, requesting it to issue a judgment ordering the United States district court to issue its writ of habeas corpus. The appeal is based on the alleged double jeopardy violation outlined above as well as on a claim that the circuit court's vacation of the previously commuted sentence acted as an ex post facto law in violation of the due process clause of the fourteenth amendment. The record before this court does not indicate whether the ex post facto claim was part of the habeas claim presented to the district

court, and therefore we shall not consider it.

## II.

The first step in analyzing Thomas' claim is to determine if he had fully satisfied the fifteen-year sentence for the attempted robbery conviction prior to the vacation of that sentence by the circuit court. For, if he had not, it is clear from this court's ruling in *Holbrook v. United States* that the circuit court had "the right to say which of the two consecutive sentences, contemporaneously imposed and both unexecuted shall be eliminated in order not to subject the defendant to ... double punishment." 136 F.2d 649, 652 (8th Cir.1943). Thus, unless the sentence was satisfied, there is no double jeopardy violation.

The determinative factor in deciding whether Thomas had fully satisfied the fifteen-year sentence is the legal effect of the commutation of sentence issued in June of 1981. Thomas asserts that under the terms of the commutation he had completed serving his fifteen-year sentence on June 16, 1981—one year prior to the vacation of the sentence by the circuit court.

Appellee Morris, on the other hand, asserts that when Governor Bond commuted the sentence he was merely changing Thomas' punishment from fifteen years plus life to a less severe punishment of a life sentence only. Therefore, according to Morris, Thomas never fully completed the fifteen-year sentence because the commutation merely substituted the punishment of life imprisonment for the original two sentences.

The district court below did not make any rulings as to the legal effect of the commutation, apparently under the false impression that this factor had no significance. Fortunately, however, this court has a true and complete copy of the commutation in the record. The relevant language of the commutation reads:

Whereas Larry Thomas ... was ... convicted of the crime of ... ATTEMPTED ROBBERY FIRST DEGREE BY MEANS OF DDW, ..., I, CHRISTOPHER S. BOND, Governor of the State of Missouri, by virtue of authority in me vested and for good and sufficient reasons, do hereby commute the sentence of the above mentioned recipient hereof, to a term ending June 16, 1981.

The commutation was signed on June 12, 1981. There is no mention in the document of either the felony-murder conviction or the life sentence appellant received pursuant to it.

It is difficult, in light of the language contained in this document, to find any merit in appellee's assertion that the commutation was a substitution of one sentence for the two sentences. The commutation lacks any indication that this was the case. Instead, it refers only to the attempted robbery conviction and the associated fifteen-year sentence and unambiguously commutes this sentence to a term "ending" on June 16, 1981.

In support of his assertion, appellee points out that the commutation of a sentence is the change of a punishment to which a person has been condemned to "a less severe" one. While this is the law, we do not see how it helps appellee's argument. *See Rawls v. United States*, 331 F.2d 21, 27 (8th Cir.1964); *Lime v. Blagg*, 345 Mo. 1, 131 S.W.2d 583, 585 (1939) (en banc). Under the commutation, Thomas' fifteen-year sentence ended on June 16, 1981, four days after the Governor signed it. This was a substitution of "a less severe" sentence for the original fifteen-year sentence, which otherwise would not have ended until June 28, 1988.

Beyond this bare assertion of law, which in no way hurts Thomas' position, appellee presents no evidence supporting the theory that the commutation means anything other than what it says—i.e., that the fifteen-year sentence ended on June 16, 1981.[1]

---

1. The court notes the statute under which Thomas' 15–year sentence was commuted, Mo. Rev.Stat. § 216.355 (1969) (repealed 1979), would have made him eligible for commutation after completion of 9/12 of his sentence. Thomas' sentence was commuted after completing 6/12 of his sentence. *But see Love v. Black*, 597 F.Supp. 1092, 1094 (E.D.Mo.1984). Al-

The only possible theory under which Thomas could be held not to have fulfilled the sentence for attempted robbery is to argue that fulfillment of a commuted sentence is not equal to the fulfillment of a non-commuted sentence. There is, however, no authority for such a proposition. Instead, under Missouri law, "the commuted sentence has the same effect and the status of a prisoner is the same as though the sentence had originally been for the commuted term." *State v. Cerny*, 248 S.W.2d 844, 845 (Mo.1952); *Ex Parte Reno*, 66 Mo. 266, 269 (1877).

Because we hold that Thomas legally satisfied the sentence he received for the attempted robbery, this court must now address the question of whether the subsequent vacation of that sentence and his continued confinement under the felony-murder conviction violated the double jeopardy clause.

### III.

The guarantee against double jeopardy consists of three separate constitutional protections. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted).

This case involves the third prong, the prohibition against multiple punishments. *Ex Parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed.2d 872 (1873), was the first case to hold that the double jeopardy clause prohibits multiple punishments for the same offense, and it provides the starting point for our analysis.

In *Lange*, the criminal statute the defendant violated prescribed as punishment a fine of not more than two hundred dollars *or* imprisonment for not more than one year. Notwithstanding the wording of the statute, the trial judge sentenced the defendant to both the maximum fine and the maximum term of punishment. The defendant paid the fine and served five days of his sentence before his habeas corpus petition was heard. The sentencing judge then entered an order vacating the prior judgment and resentencing the defendant to one year in jail from the date of the resentencing. *Id.* at 164.

The Supreme Court held that once "the prisoner had fully performed, completed, and endured one of the alternative punishments which the law prescribed for that offence," the authority of the court "to punish for that offence was at an end * *. The power was exhausted; its further exercise was prohibited. It was error * * *." *Id.* at 176.

The Court explained the necessity for the protection against multiple punishment as follows:

For of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict? Why is it that, having once been tried and found guilty, he can never be tried again for that offence? Manifestly it is not the danger or jeopardy of being a second time found guilty. It is the punishment that would legally follow the second conviction which is the real danger guarded against by the Constitution. But if, after judgment has been rendered on the conviction, and the sentence of that judgment executed on the criminal, he can be again sentenced on that conviction to another and different punishment, or to endure the same punishment a second time, is the constitutional restriction of any value? Is not its intent and its spirit in such a case as much violated as if a new trial had been had, and on a second conviction a second punishment inflicted?

The argument seems to us irresistible, and we do not doubt that the Constitution was designed as much to prevent the criminal from being twice punished for

though one may speculate as to the Governor's reasons for commuting Thomas, we do not believe this discrepancy is of any moment. Rather, because the commutation had been granted, our only concern must be with whether the remaining life sentence is jeopardy-barred.

the same offence as from being twice tried for it.

*Id.* at 173.

The *Lange* decision was reaffirmed by the Court *In Re Bradley* 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943). In *Bradley* the Court faced a situation similar to *Lange* in which the trial court had imposed both a fine and a term of imprisonment under a statute which allowed only one of the two alternatives. *Bradley,* 318 U.S. at 52, 63 S.Ct. at 470–71. In *Bradley* the trial court attempted to return the fine that had been fully paid and amended the sentence to consist only of a term of imprisonment. The Supreme Court ruled that since there had been a full satisfaction of one of the alternative penalties of the law, the attempt to subsequently amend the sentence was a nullity *Id.* "Since one valid alternative provision of the original sentence has been satisfied, the petitioner is entitled to be freed of further restraint." *Id.*

Thomas asserts that his position is analogous to the defendants' in *Lange* and *Bradley* because under *State v. Morgan,* 612 S.W.2d 1 (Mo.1981) (en banc), his convictions for both felony-murder and the underlying felony were a violation of the double jeopardy clause. Thus, he asserts, two sentences were imposed on him by a court which only had the authority to impose one of the sentences under the applicable statutes.

Thomas' interpretation of *State v. Morgan* is not at issue. Appellee acknowledges that the Missouri Court of Appeals was correct in holding the double conviction to be a violation of the double jeopardy clause under the principles set forth by the Missouri Supreme Court in *Morgan.* (Brief for Appellee, page 5). Thus, the only issue is whether the trial court had the authority to vacate the attempted robbery sentence after it had been satisfied as a cure to the double jeopardy violation.

Thomas' position *is* analogous to that of the defendants' in *Lange* and *Bradley.* The Missouri court, in this case, had two alternative ways to punish Thomas for the attempted robbery. It could punish him by convicting him of the crime of attempted robbery and sentencing him for that crime, or it could punish him by piggy-backing the attempted robbery on to a charge of homicide and convicting him and sentencing him for the crime of felony-murder. The court, however, did not have the authority to punish him for attempted robbery under both alternatives of the Missouri law. *See Morgan,* 612 S.W.2d at 1–2.

Thomas received sentences under each of the alternatives, and he has now fully satisfied one of the sentences imposed on him for the attempted robbery conviction. Thus, under *Lange* and *Bradley,* he can no longer be punished under the alternative sentence. Recognizing this, the Missouri court has attempted to vacate the fully satisfied sentence so that it may continue to punish him for the attempted robbery under the felony-murder conviction. However, under *Lange,* the court has no authority to perform this maneuver, because once one of the alternative punishments has been satisfied the power of the court "to punish for that offence was at an end." *Lange* 85 U.S. (18 Wall.) at 176.

The cases of *Holbrook v. United States,* 136 F.2d 649 (8th Cir.1943), and *United States v. Edick,* 603 F.2d 772 (9th Cir.1979), support this holding. In both cases the defendant was sentenced to two terms of imprisonment, to be served consecutively, under statutes that authorized only one term of imprisonment. The distinguishing factor between the two cases is the fact that in *Edick* the defendant had fully satisfied the first of the consecutive sentences, while in *Holbrook* neither of the sentences had been fully satisfied. *Edick,* 603 F.2d at 773; *Holbrook,* 136 F.2d at 650.

This Circuit in *Holbrook* held that up to the time there has been a legal satisfaction of one of the sentences, the court could simply vacate either of the sentences to remedy the double jeopardy violation, applying any time served under the vacated sentence to the remaining sentence. 136 F.2d at 650. "Since in either situation they would be receiving proper credit for the time served, they can have no cause to complain, no matter which sentence may be set aside, so long as there has been no

legal satisfaction of either under the terms and conditions of the judgment." *Id.* The court went on to hold that the cause was "not parallel with *Ex Parte Lange*" because "there was no legal satisfaction of" either of the sentences. *Id.* The plain implication of this decision is that, if one of the sentences had been fully satisfied, the remedy of vacating it to solve the double jeopardy violation would be violative of the prohibition against multiple punishments enunciated in *Lange* and *Bradley.*

In *Edick*, the case in which the first of the sentences had been fulfilled, the Ninth Circuit held that the double jeopardy violation could not be cured by vacating an already satisfied sentence. 603 F.2d at 778. The court, basing much of its analysis on *Lange, Bradley*, and *Holbrook*, instead ordered the lower court to vacate the remaining unfulfilled sentence. *Id.* at 777–78.

It is true that in recent years the Supreme Court, as well as this court, has been hesitant to expand the protection against multiple punishments in the area of sentencings. In *United States v. DiFrancesco*, the Court ruled that "[t]he Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." 449 U.S. 117, 135, 101 S.Ct. 426, 436, 66 L.Ed.2d 328 (1980) (quoting *Bozza v. United States*, 330 U.S. 160, 166–67, 67 S.Ct. 645, 649, 91 L.Ed. 818 (1947)). And in *Missouri v. Hunter*, the Court held that the multiple punishment prohibition was not violated by subjecting a defendant to two punishments for the same conduct where such punishment was authorized by the legislature. 459 U.S. 359, 368–69, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983). The Court stated that:

> [T]he question of what punishments are constitutionally permissible is no different from the question of what punish-

ments the Legislative Branch intended to be imposed. Where Congress intended, as it did here, to impose multiple punishments, imposition of such sentences does not violate the Constitution.

*Id.* at 368, 103 S.Ct. at 679 (quoting *Albernaz v. United States*, 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981)). Furthermore,

> [a]s *Ex Parte Lange* demonstrates, a defendant may not receive a greater punishment than the legislature had authorized. No double jeopardy problem would have been presented in *Ex Parte Lange* if Congress had provided that the offense there was punishable by both fine and imprisonment even though that is multiple punishment.

*DiFrancesco*, 449 U.S. at 139, 101 S.Ct. at 438.

The question of whether the Missouri Legislature intended, in situations such as this, to allow separate and cumulative punishments for the underlying felony and for the first degree felony-murder has been definitively answered by the Missouri Supreme Court. The answer is no. *State v. Morgan*, 612 S.W.2d 1, 2 (Mo.1981) (en banc); *see also State v. Olds*, 603 S.W.2d 501, 510 (Mo.1980) (en banc). Thus, the imposition of the multiple punishments was "a greater punishment than the legislature intended" and a violation of the double jeopardy clause just as great as that suffered by the defendants in *Lange* and *Bradley.*

Regardless of this, the district court held that because the attempted robbery charge was vacated and the time served under it was credited to the felony-murder sentence, the appellant suffered no violation of his constitutional rights because he was "not being subjected to greater punishment than the legislature intended." [2] This statement ignores *Bradley.*

---

2. In support of its assertion the district court points to a footnote in the decision of this court in *Thompson v. Missouri*, 724 F.2d 1314, 1319 n. 10 (8th Cir.1984). The footnote states that "conviction and punishment for both the underlying felony and felony-murder would *not* violate the prohibition against multiple punishments." *Id.*

As support for this assertion, the footnote quotes the holding from *Missouri v. Hunter* that "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Id.* However, as we have already noted, sentencing a defendant for both felony-murder

In *Bradley*, the court realized its mistake in sentencing and, on the same day the fine was paid, the court remitted it to the defendant in order to be able to subject him to the term of imprisonment. 318 U.S. at 50–51, 63 S.Ct. at 470. But, as previously pointed out, the Supreme Court held that the payment of the fine had satisfied that portion of the judgment. *Id.* at 51, 63 S.Ct. at 470. And, "as the judgment of the court was thus executed so as to be a full satisfaction of one of the alternative penalties of the law, the power of the court was at an end." *Id.* at 52, 63 S.Ct. at 471. The same is true here. Just as the trial court in *Bradley* could not cure the double jeopardy violation by vacating the satisfied judgment and giving the defendant back his money, the trial court here cannot cure a similar violation by vacating the satisfied sentence and giving appellant back this time.

■ Thus, we reverse the district court's decision and hold that the vacating of the attempted robbery sentence and crediting of time served to the felony-murder sentence was an inadequate remedy for the double jeopardy violation.

■ We cannot agree with the dissent's characterization of our holding with regard to double jeopardy as relying on a hyper-technical interpretation of the law when no real harm would befall Thomas by serving the life sentence for felony-murder. While no doubt application of the double jeopardy clause in this case must be accomplished by observing the order in which the sentences were imposed, we do not have the discretion to apply it in any other manner. On the contrary, the court must construe violations of the double jeopardy clause with no less scrutiny than it would other constitutional violations. *Morris v. Mathews*, 475 U.S. 237, 106 S.Ct. 1032, 1040–43, 89 L.Ed.2d 187 (1986) (Blackmun, J., concurring).

and the underlying felony is "prescribing greater punishment than the Missouri Legislature

## IV.

Today's decision does not in any way overrule the holding of this court in *Hardy v. United States*, 292 F.2d 192 (8th Cir. 1961). That case dealt with the imposition of two concurrent sentences and is thereby distinguishable from the situation in this case where the sentences were consecutive, with one of the sentences fully satisfied. Additionally, this court intends to follow the approach it has taken in the past of curing remedies to multiple punishment violations in a way "which most clearly approximates the intention of the district judge at the time of the original sentencing." *Gerberding v. United States*, 471 F.2d 55, 56 (8th Cir.1973). However, the cure must be constitutional.

To this end, we believe the Circuit Court of the City of St. Louis may have an adequate cure to the multiple punishment problem other than setting Thomas free. *See Morris v. Mathews*, 475 U.S. 237, 106 S.Ct. 1032, 89 L.Ed.2d 187 (1986). The Supreme Court in *Mathews* held that reducing a defendant's concededly jeopardy-barred conviction for aggravated murder to a conviction for murder that was not jeopardy-barred was an adequate remedy for the double jeopardy violation. *Id.* 106 S.Ct. at 1037–39.

The double jeopardy problem in *Mathews* arose as the result of the defendant having first been convicted of the charge of aggravated robbery. Subsequently, he was also convicted of the charge of felony-murder when the state discovered he had committed a homicide along with the robbery. *Id.* at 1033–34. In its analysis the Court first noted that the combination of the two convictions was a violation of the double jeopardy clause. *Id.* at 1037. The Court went on to rule that because the jury had found the defendant guilty of aggravated murder, they had also found him guilty, "a fortiori, of the lesser (included) offense of murder as well." Because this lesser charge would not be jeopardy-barred, since it covered conduct not within the charge of

intended" under the cases of *Morgan* and *Olds*.

aggravated robbery, the Court ruled that modifying the felony-murder conviction to the lesser included offense of murder would cure the jeopardy violation so long as the defendant could not "demonstrate a reasonable probability that he would not have been convicted of the non-jeopardy-barred offense absent the presence of the jeopardy-barred offense." *Id.* at 1038.

█ On its face, we see nothing in the *Mathews* opinion which would indicate that a similar remedy would not be adequate in Thomas' case. We believe the state court judge can correct the double jeopardy problem by changing the jeopardy-barred felony-murder conviction to a non-jeopardy-barred lesser included offense. The burden would then shift to Thomas to show that without the improper inclusion of the jeopardy-barred charge, there is a reasonable probability he would not have been convicted.

Therefore, we remand the case to the district court for proceedings in accord with the dictates of our opinion. Furthermore, we hold that if within ninety days Thomas is not resentenced or a retrial initiated, the writ of habeas corpus should issue.[3]

McMILLIAN, Circuit Judge, concurring in part and dissenting in part.

I concur in Parts I, II, and III of Judge Hanson's opinion. I, however, must dissent from Part IV. I agree that the decisions of the Supreme Court and prior decisions of this court compel us to hold that Thomas' constitutional rights were violated by the vacation of the sentence for attempted robbery, which had been completely served, and his continued confinement under the life sentence for felony murder. *E.g., Ex parte Lange,* 85 U.S. (18 Wall) 163, 21 L.Ed. 872 (1873); *United States v. Edick,* 603 F.2d 772 (9th Cir.1979). I do not agree, however, that this violation can be cured by sentencing or retrying Thomas on the lesser included offense of murder. I

would reverse the judgment of the district court and remand with instructions to issue the writ.

The double jeopardy clause provides that no person shall twice be put in jeopardy for the same offense. I believe the clause prohibits not only multiple trials for the same offense and multiple punishments for the same offense, but also multiple trials for different offenses arising from the same transaction. *Mathews v. Morris,* 106 S.Ct. 1032, 1044 (Brennan, J., dissenting). " 'All the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction' shall be prosecuted in one proceeding." *Id.* (citation omitted). The state should not be permitted to try or sentence a defendant on a lesser included offense, after a conviction for the greater offense is vacated because it is jeopardy barred.

However, even if a second prosecution is permissible under the circumstances of this case, I believe, contrary to the majority in *Mathews v. Morris,* that the correct test for determining whether a new trial is necessary is the test applied by the Sixth Circuit in *Mathews v. Marshall,* 754 F.2d 158, 162 (6th Cir.1985), *rev'd Mathews v. Morris,* 475 U.S. 237, 106 S.Ct. 1032, 89 L.Ed.2d 187 (1986). The Sixth Circuit held that a defendant should be granted a new trial if he or she can demonstrate a reasonable possibility that he or she was prejudiced in the trial of the lesser included offense by the evidence of the greater offense, which was jeopardy barred. As Justice Blackmun points out in his concurring opinion in *Mathews v. Morris,* the reasonable probability of prejudice standard is inconsistent with the harmless error test adopted in *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) and *Fahy v. Connecticut,* 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963) and applied repeatedly to constitutional errors, which are not per se reversible errors. *Mathews v. Morris,* 106 U.S. at 1043. "Once it has

---

**3.** In the event that Thomas could make a proper showing that he would not have been convicted, nothing would prevent the State from retrying him under the non-jeopardy-barred charge. *See*

*Mathews,* 106 S.Ct. at 1038 (stating that a retrial is appropriate upon the defendant's showing of prejudice).

been established that the state has violated the Constitution in the course of a prosecution, the proceedings lose whatever presumption of regularity they formerly enjoyed, and the state bears a heavy burden in arguing that the result should nonetheless be treated as valid." *Id.*

BOWMAN, Circuit Judge, dissenting.

If Thomas's felony murder conviction is to be set aside, I agree with Judge Hanson's view that the state should have an opportunity to have Thomas resentenced on a lesser-included, non-jeopardy-barred offense in accordance with *Morris v. Mathews*, 475 U.S. 237, 106 S.Ct. 1032, 89 L.Ed.2d 187 (1986). I dissent, however, from the holding of the Court that the double jeopardy clause has been violated in this case.

Absent resentencing, the result of the Court's holding today is that Thomas, who was convicted of attempted robbery and felony murder and originally sentenced to consecutive prison terms of fifteen years and life, will be released immediately, having served only seven years of his fifteen-year sentence on the attempted robbery conviction. Unless Thomas is resentenced, he will go free on the basis of a series of fortuitous events. Because the governor commuted Thomas's attempted robbery sentence before the state trial court was able to vacate it in accordance with the holding (several years after Thomas's con-

viction) of the Missouri Supreme Court in *State v. Morgan*, 612 S.W.2d 1 (Mo.1981) (en banc) (prohibiting imposition of sentences on both felony murder and the underlying felony), the Court finds that Thomas cannot be required to serve the life sentence on his felony murder conviction.[1] I respectfully disagree.

In vacating the felony murder sentence because Thomas has served the commutated sentence for attempted robbery, the Court relies upon dicta in *Holbrook v. United States*, 136 F.2d 649, 652 (8th Cir. 1943), which suggests that if one of two consecutive sentences has been served, and the court must vacate one of those sentences, then *Ex parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873), controls and requires the uncompleted sentence to be vacated and the prisoner to be released. I disagree with the dicta in *Holbrook* and find the Court's reliance on *Lange* and *In re Bradley*, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943) to be misplaced.[2]

In both *Lange* and *Bradley*, the sentencing court simultaneously imposed both a fine and imprisonment for a single offense, although at the time of sentencing only one of those two alternative punishments could properly be imposed under the applicable statute. By the time the sentencing judge discovered his mistake, the defendant already had paid the fine. Because the nature of the alternative punishments was different, and because the fine and impris-

1. Under today's decision, Thomas effectively slips through a judicially manufactured crack in the criminal justice system, even though his early release contravenes not only the intent of the sentencing court, but also the intent of the Missouri legislature as expressed in the current statutory punishment for felony murder. In 1984, the Missouri legislature revised the statutory treatment of felony murder, with the result that *State v. Morgan*, and *State v. Olds*, 603 S.W.2d 501 (Mo.1980) (en banc), which looked to legislative intent to determine that the double jeopardy clause was offended by the imposition of sentences for both felony murder and the underlying felony, are no longer a valid statement of that intent. Murder in the second degree, of which felony murder is one example, is now classified as "a class A felony, and the punishment for second degree murder shall be in addition to the punishment for commission of a related felony or attempted felony, other

than murder or manslaughter." Mo.Rev.Stat. § 565.021(2) (Supp.1984). Thus, if Thomas were convicted today, and the same sentences were imposed, then under *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), the Court would have to find that the double jeopardy clause had not been violated. Thomas's sentences for both attempted robbery and felony murder would stand.

2. Indeed, the concurring opinion in *Holbrook* notes that to that time, no circuit court of appeals had found *Lange* to be applicable beyond its narrow facts, *i.e.*, in the situation of "statutory alternative sentences" for the same offense. *Holbrook*, 136 F.2d at 653 (Stone, J., concurring). This is not such a case. Rather, it is a case in which Thomas was sentenced for two separate offenses, with the Missouri Supreme Court deciding long after the fact that he could be sentenced for one or the other but not both.

onment were unauthorized cumulative punishments for a single statutory offense, the Supreme Court held in each case that the double jeopardy clause was implicated. As the Court noted in *Lange*, reimposition of the year-long prison sentence following payment of the fine and five days in jail would result in more punishment than was authorized by statute. It stated:

> The court, through inadvertence, imposed both punishments, when it could rightfully impose but one. After the fine was paid and passed into the treasury, and the petitioner had suffered five days of his one year's imprisonment, the court changed its judgment by sentencing him to one year's imprisonment from that time. If this latter sentence is enforced it follows that the prisoner in the end pays his two hundred dollars [sic] fine and is imprisoned one year and five days, being all that the first judgment imposed on him and five days' imprisonment in addition. And this is done because the first judgment was confessedly in excess of the authority of the court.

85 U.S. at 175.

The circumstances surrounding Thomas's conviction and sentencing are far different from those in *Lange* and *Bradley*. The illegality in the state of Missouri of imposing two sentences when a defendant has been convicted of both felony murder and an underlying felony was not established until 1981. Thomas was sentenced in 1973. At that time, the sentencing court could not possibly have known that its imposition of a sentence for each conviction would later be found unlawful. Moreover, the two sentences were not alternative statutory punishments for one offense. Rather, they were two separate statutory punishments for two separate offenses. Finally, the two punishments were of the same nature—imprisonment—and thus were interchangeable, whereas the punishments in *Lange* and *Bradley* were not.[3]

The double jeopardy clause "protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). In *Pearce*, the Supreme Court interpreted this language to mandate that, when resentencing is required following a new trial, time already served under the old sentence be credited toward the new sentence. The state trial court's order in the present case, vacating the attempted robbery sentence and crediting the time already served thereunder toward the life sentence for felony murder, is responsive to Thomas's claim that he cannot be twice punished for the same offense. In accordance with *State v. Morgan*, Thomas is serving only the sentence imposed on one of his two original convictions. Thomas's felony murder sentence is not increased by this order, and the result is in accord with the holding in *Pearce*. Thomas correctly asserts that the double jeopardy clause prohibits the state from requiring him to serve both sentences. However, the double jeopardy clause does not require that Thomas be given the choice of which of two simultaneously imposed prison sentences he is to serve when it transpires that he cannot be made to serve both.[4]

---

**3.** *United States v. Edick*, 603 F.2d 772 (9th Cir. 1979), cited by the Court in support of its holding, also involves an instance where the punishments imposed on the two counts were not interchangeable. Edick was sentenced to imprisonment for three years on Count I and to a consecutive five year term of probation on Count II. The Ninth Circuit stated:

> Here, the trial court's error was to subject Edick to two punishments when ... only one was authorized. Either prison time or probation was valid under the statutory alternatives, but, to avoid an illegal cumulation of punishment, the sentences had to be imposed concurrently. Manifestly, prison time and probation cannot be served concurrently.

*Id.* at 777. Moreover, the Ninth Circuit was concerned with resentencing, *id.* at 778, whereas in this instance only vacation of one sentence is required.

**4.** The Fifth Circuit has held accordingly, remanding the case for vacation of the shorter of two consecutive sentences after it had been fully served. *Rollins v. United States*, 543 F.2d 574 (5th Cir.1976); *cf. United States v. Hodges*, 628 F.2d 350, 353 (5th Cir.1980) ("This Court has consistently held that resentencing to the maximum penalty authorized by law is permitted when the aggregate of the illegally imposed consecutive sentences equals or exceeds the maximum for which the court lawfully could have sentenced the defendant.").

The Court's double jeopardy holding in the present case, when viewed together with earlier Eighth Circuit precedent, produces strangely anomalous results. First, in today's holding the Court ignores Eighth Circuit precedent establishing that the intention of the sentencing judge is the determinative factor in deciding which of two sentences to vacate when both sentences cannot stand together. *Jones v. United States*, 396 F.2d 66, 69 (8th Cir.1968), *cert. denied*, 393 U.S. 1057, 89 S.Ct. 695, 21 L.Ed.2d 697 (1969); *Sawyer v. United States*, 312 F.2d 24, 27–29 (8th Cir.), *cert. denied*, 374 U.S. 837, 83 S.Ct. 1888, 10 L.Ed.2d 1058 (1963); *see also United States v. Pietras*, 501 F.2d 182, 188 (8th Cir.), *cert. denied*, 419 U.S. 1071, 95 S.Ct. 660, 42 L.Ed.2d 668 (1974). Today's holding dictates that decisive weight be placed upon the order in which the sentences were imposed; *i.e.*, that the sentencing judge first sentenced Thomas on Count I to a 15–year term for attempted robbery, and thereafter on Count II to a consecutive life sentence for felony murder. Under the Court's analysis, Thomas's claim of double jeopardy would be baseless if the sentencing judge had simply reversed the order in which the prison sentences were to be served. *See Holbrook*, 136 F.2d at 652. Surely the question of whether a convicted murderer is to serve the life term that the sentencing authority plainly intended he was to serve should not be decided on a basis so essentially whimsical. As the Supreme Court remarked in *Bozza v. United States*, 330 U.S. 160, 166–67, 67 S.Ct. 645, 649, 91 L.Ed. 818 (1947), "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." The Court also rejected the sporting game approach to double jeopardy in *Green v. United States*, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). In *Green*, the defendant argued that when the trial court imposed two sentences for the same offense the court lost its power to sentence further once it had issued the first sentence, and therefore that only the first, shorter sentence was valid. The Court responded that it was the intention of the trial judge and not the order of sentencing that was to govern:

> Although petitioner is technically correct that sentences should not have been imposed on both counts, the remedy which he seeks does not follow. This is not a case where sentence was passed on two counts stating alternative means of committing one offense; rather, the third count involved additional characteristics which made the offense an aggravated one—namely, putting persons in jeopardy of life by use of a dangerous weapon. Plainly enough, the intention of the district judge was to impose the maximum sentence of twenty-five years for aggravated bank robbery, and the formal defect in his procedure should not vitiate his considered judgment.

365 U.S. at 306, 81 S.Ct. at 656.

I believe that similar logic applies in the present case. The original error in sentencing Thomas was made in good faith reliance on existing law, and the chain of circumstances following the sentencing should not be available to Thomas as a mechanism by which he can force his early release. In vacating the attempted robbery sentence, the state trial court vindicated what clearly would have been the intent of the sentencing court had the illegality of the double sentencing been apparent at the time of sentencing. The law of Missouri authorizes a life sentence for felony murder and it is clear that the sentencing court intended that Thomas should serve a life sentence. In these circumstances, it is little short of preposterous that the sequence in which the consecutive sentences were pronounced should provide a basis for the early release of a felon properly convicted of murder.

The extreme hypertechnicality of today's decision is illustrated further by the point that had Thomas been sentenced to concurrent, rather than consecutive, sentences of fifteen years and life imprisonment, commutation of the fifteen-year sentence would not provide a basis for his early release on double jeopardy grounds. In keeping with *United States v. Leather*, 271 F.2d 80 (7th Cir.1959), *cert. denied*, 363

U.S. 831, 80 S.Ct. 36, 5 L.Ed.2d 81 (1960), this Circuit held in *Hardy v. United States*, 292 F.2d 192 (8th Cir.1961), that completion of the shorter of two concurrent sentences does not excuse the prisoner from serving the longer of those sentences when one of them must be invalidated. The Court stated:

> [T]he right of the court in such a situation to simply vacate the shorter sentence and allow the longer one to stand has been recognized. Appellant argues, however, that here his 10–year sentence had been served, so that there was no right to vacate it, and that consequently only the 20–year sentence was capable of being set aside. A similar situation and contention were involved in *United States v. Leather* [271 F.2d 80 (7th Cir. 1959)] ... where the court held that the longer sentence standing on the record would legally constitute the measure or the term of the punishment in the situation, unless the trial court saw fit to vacate it, and that the shorter concurrent sentence thus would, while the two sentences stood together, have incidence only in relation to this controlling measure or term of his punishment. The court accordingly upheld the right of the trial court in that case, as here, to vacate the shorter sentence, even though the defendant had by that time been confined for a period equal to its length.... We are in agreement with the *Leather* case.

*Id.* at 194–95. In today's decision, the Court fails to offer any coherent reason for its conclusion that the consecutive rather than concurrent nature of Thomas's prison sentences breathes life into a double jeopardy claim that otherwise would have been dead on arrival.

In addition, the Court's decision brings about yet another anomalous result. When one of two prison sentences must be vacated, today's decision has the unfortunate result of affording a sentencing judge less authority to determine which sentence to vacate when the sentences are consecutive than when the sentences are concurrent. This result defies logical explanation, for the more serious crimes deserve more severe punishment, and as a general proposi-

tion the more reprehensible the crimes the more likely it is that the original sentencing order will have imposed consecutive sentences. The Court offers no constitutional theory to justify the anomaly it thus creates.

I believe that release of Thomas on double jeopardy grounds is not required by either Supreme Court precedent or the law of this Circuit, much less by the language of the double jeopardy clause itself. Release of a prisoner properly convicted of both attempted robbery and felony murder after service of only the sentence on the attempted robbery conviction removes logic and judicial control from the sentencing process. Plainly, if the decision in *State v. Morgan* had been handed down before Thomas's sentencing, the sentencing court would have sentenced him on the more serious of the two convictions and would have imposed only the life sentence for the felony murder. This is not, as in *Lange*, a situation in which the judge, having clear precedent or statutory guidance before him, mistook his authority to impose cumulative sentences. Instead, this is a case in which the law changed long after the sentencing occurred. Thomas seeks to take advantage of that change and to gain his early release on the basis of an argument that mocks and trivializes the double jeopardy clause's important purpose of preventing multiple punishments for a single crime. Under the sentencing order to which Thomas presently is subject, he would suffer only one punishment: the life sentence for felony murder. He would serve in total not one day more than the period of confinement that such a sentence entails. I cannot agree that requiring him to serve this properly imposed sentence offends the double jeopardy clause. Accordingly, I would affirm the order of the District Court.